OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by denying the motion as to so much of the complaint as is *684 directed toward the slander alleged to have occurred on February 9, 1980. As so modified, the order of the Appellate Division should be affirmed, with costs to plaintiff.
The slander alleged to have been uttered in November, 1979 was barred by the applicable one-year Statute of Limitations (CPLR 215, subd 3) by the time plaintiff commenced his action on February 2, 1981. The alleged reutterance of the slander on February 9, 1980 measured the time within which an action based on that utterance could be brought, but it did not start the time running anew for the one which had occurred the previous November. Therefore the action was timely only as to the second occurrence.
As to the surviving slander, the .affidavit of Chatfield, which indicated Ricketson’s name, the occasion for the interview with Ricketson,. the substance of the slander Ricketson told Chatfield he had heard the defendant utter and, most important, which explained, on Chatfield’s direct knowledge, that Ricketson now refused to give an affidavit as to these facts (thereby supplying acceptable excuse for failure to meet the strict requirement of tender in admissible form), was sufficient to defeat defendant’s summary judgment motion (see Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order modified, with costs to plaintiff, in accordance with the memorandum herein and, as so modified, affirmed.