■ Lawrence Batinkoff, Respondent, v Barbara Batinkoff, Appellant. (Action No. 1.) Lawrence Batinkoff, Respondent, v Gordon Batinkoff, Appellant. (Action No. 2.)— Harvey, J. Appeals from two judgments of the Supreme Court (Bradley, J.), entered May 9, 1990 in Sullivan County, which granted plaintiff's motions in action Nos. 1 and 2 for summary judgment in lieu of complaint.

Plaintiff commenced action No. 1 against his daughter-in-law, defendant Barbara Batinkoff, by summons and notice of motion for summary judgment in lieu of complaint, seeking to recover on a February 1989 promissory note in the amount of $45,000. Plaintiff commenced action No. 2 in the same fashion against his grandson, defendant Gordon Batinkoff, seeking to recover on a $30,000 promissory note also made in February 1989. In his accompanying affidavits, plaintiff alleged that both notes were payable upon demand and that when he requested payment on both notes on October 16, 1989, he was refused. Following submission of answering affidavits from both defendants, as well as further affidavits from plaintiff, Supreme Court granted summary judgment to plaintiff in both actions. These appeals followed.

We affirm. It is settled law that when a party moving for summary judgment sets forth evidentiary facts sufficient to entitle that party to judgment as a matter of law, the burden then shifts to the opposing party to demonstrate by admissible proof the existence of a triable issue of fact (CPLR 3212 [b]; see, Zuckerman v City of New York, 49 NY2d 557, 562). The initial burden will be met when, as here, the movant produces proof of the promissory notes in question and the nonpayment of such notes according to their terms (see, Fidelity N. Y. v Hanover Cos., 148 AD2d 577). This caused the burden to shift to defendants, and we conclude that Supreme Court correctly found that defendants did not meet that burden.

Specifically, although defendants contend that their motion papers sufficiently demonstrate that the notes were signed as a result of duress, fraud or some other type of overreaching (see, Columbus Trust Co. v Campolo, 110 AD2d 616, affd 66 NY2d 701), we cannot agree. An examination of defendants' affidavits reveals no hint as to how either defendant was allegedly induced to sign the notes because of fraud or duress on the part of plaintiff. Instead, both affidavits basically allege that the notes were signed at the direction of Barry Batinkoff, plaintiff's son and the husband and father of the two defendants. Although arguing that this action was commenced as a ploy against her as part of the divorce proceedings concerning her and Barry, Barbara Batinkoff admits that she voluntarily signed the papers without knowing what they were in order to assist her husband in his financial affairs. Gordon merely attested that he signed the notes at his father's request as a "dutiful" son. Regardless of the truth of these vague accusations, the affidavits do not lay the blame on plaintiff and any misrepresentations that may have been made by plaintiff's son

do not absolve defendants of their obligations pursuant to the written terms of the agreements *(see, Manufacturers & Traders Trust Co. v Paluch,* 51 AD2d 362, 365). In any event, when opposing a summary judgment motion, a defendant is required to offer more than mere conclusory and/or unsubstantiated allegations *(Zuckerman v City of New York, supra,* at 562). Since defendants' papers fall far short of meeting their burden, summary judgment in plaintiff's favor was appropriate.

Defendants' remaining arguments, including their contention that the agreements lacked consideration, have been examined and have been found to be unpersuasive.

Judgments affirmed, with costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.