■ HELEN A. NOHA, Individually and as Administratrix of the Estate of HENRY W. NOHA, Deceased, Appellant, v GURDA, GURDA & TATZ, Respondent.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hickman, J.), entered June 29, 1990 in Orange County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff's husband was fatally injured in a July 1979 motor vehicle accident, allegedly as the result of the negligence of Gregory Hendricks, who was then a member of the United States Army. Plaintiff retained defendant, a partnership of lawyers, to bring a wrongful death action against Hendricks, which was ultimately settled for $25,000, apparently the liability limit of Hendricks' auto insurance policy. Subsequently, plaintiff commenced this action to recover for defendant's alleged malpractice in failing to bring a timely action against the United States and to determine whether additional insurance coverage existed or Hendricks had assets sufficient to satisfy a judgment in excess of $25,000. Following joinder of issue, plaintiff moved to strike defendant's answer because of defendant's claimed willful refusal to provide discovery. Defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted defendant's cross motion and denied plaintiff's motion as academic. Plaintiff appeals.

We affirm. Defendant supported its motion with the transcript of Hendricks' July 1989 deposition where he testified that on the day of the accident he completed his duty at West Point at 10:00 A.M. and then traveled to New York City to visit his mother. He had completed his visit and was traveling back to West Point when the accident occurred. This evidence established prima facie that Hendricks was not acting within the scope of his employment or under his employer's direct or indirect control to the extent necessary to impose derivative

liability *(see, Matos v Depalma Enters.,* 160 AD2d 1163) and, as a result, that plaintiff would not have been successful in an action against the United States.*

Defendant having made a competent showing that it was not negligent in failing to commence an action against the United States *(see, Fidler v Sullivan,* 93 AD2d 964), the burden thus shifted to plaintiff to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" *(Zuckerman v City of New York,* 49 NY2d 557, 562; *see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). In opposition to the motion, plaintiff submitted an attorney's affidavit and a copy of the written report and transcript of hearing testimony of the investigating police officer which, she asserts, show that at the time of the accident, Hendricks was traveling from a military post in Virginia to a new assignment in New York and, thus, acting within the scope of his military duties. However, the attorney's affidavit, made by a person with no personal knowledge of the underlying facts, is of no evidentiary value *(see, Zuckerman v City of New York, supra,* at 563), and the accident report *(see, Cover v Cohen,* 61 NY2d 261, 274; *Johnson v Lutz,* 253 NY 124) and the police officer's testimony as to extrajudicial statements made by Hendricks *(see, Clifford v Black Clawson Co.,* 145 AD2d 808, 810-811, *lv dismissed* 73 NY2d 995, *lv denied* 76 NY2d 714; *Egleston v Kalamarides,* 89 AD2d 777, 778, *mod on other grounds* 58 NY2d 682) constitute inadmissible hearsay. Although hearsay may be considered in opposition to a motion for summary judgment on behalf of a party who "demonstrate[s] acceptable excuse for his failure to meet the strict requirement of tender in admissible form" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068), no such demonstration has been made here *(compare, Egleston v Kalamarides,* 58 NY2d 682, 684).

Finally, we agree with Supreme Court that plaintiff's motion to strike defendant's answer was rendered academic by the dismissal of the complaint.

Mahoney, P. J., Weiss, Yesawich Jr. and Levine, JJ., concur. Ordered that the order is affirmed, with costs.

---

* On appeal, plaintiff has not addressed Supreme Court's dismissal of her claims arising out of defendant's alleged failure to obtain a judgment against Hendricks in excess of $25,000, thereby abandoning that issue.