■ CAMILLE R. GRAFF, Respondent, v M. PHILIP AMODEO, as Administrator of the Estate of BRADLEY C. BLACK, Deceased, et al., Defendants, and DEBBI HODGEMAN, Appellant. (Action No. 1.) WILLIAM W. JACOBS, as Administrator of the Estate of CHRISTOPHER W. JACOBS, Deceased, Respondent, v M. PHILIP AMODEO, as Administrator of the Estate of BRADLEY C. BLACK, Deceased, et al., Defendants, and DEBBI HODGEMAN, Appellant. (Action No. 2.) WILLIAM W. JACOBS et al., Individually, as Parents and Natural Guardians and as Conservators of WILLIAM J. JACOBS, an Incapacitated Person, Respondents-Appellants, v M. PHILIP AMODEO, as Administrator of the Estate of BRADLEY C. BLACK, Deceased, et al., Defendants, and DEBBI HODGEMAN, Appellant-Respondent. (Action No. 3.) (And Another Related Action.)—Weiss, J. Appeal and cross appeals (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered October 3, 1990 in Dutchess County, which, *inter alia,* denied defendant Debbi Hodgeman's motion in action Nos. 1, 2 and 3 for summary judgment dismissing the complaints and cross claims against her and denied plaintiffs' cross motion in action No. 3 for partial summary judgment against Hodgeman.

These lawsuits arise out of a two-car collision which occurred at approximately 1:10 A.M. on October 26, 1986 in the Town of East Fishkill, Dutchess County, resulting in four deaths and serious injuries to two persons. It is alleged that on October 25, 1986, defendant Debbi Hodgeman drove defendant Eric Bonner Jr. and defendant Christopher Winkler, both apparently 17 years of age at the time, to Better Way Beverage (a store owned by defendant East Fishkill Beverage Corporation) on State Route 82 in Dutchess County to purchase two kegs of beer for a party to be held that night in the backyard of the residence of defendant Charles Baquero in the Town of Fishkill in Dutchess County. According to Hodgeman, Bonner stated that Winkler was along because "[t]hey think he's of age". In return for her assistance, Hodgeman and her boyfriend were not required to pay the admission charge

collected from those who attended the party (estimated to number from 40 to 75).[1]

At the party, Hodgeman spoke briefly with Bradley C. Black, alleged to have been under 21 years of age at that time. Later that night a car driven by Black collided with a car driven by Anthony Furnari, resulting in the death of Black and three passengers in the Furnari car and serious injuries to two others in the Furnari car. As a result the instant actions were commenced. The pleadings charge Hodgeman with liability for violation of General Obligations Law § 11-100 based upon, *inter alia*, her assistance in furnishing alcoholic beverages for consumption by persons under 21 years of age, particularly by causing or contributing to the intoxication and/or impairment of Black.[2]

Hodgeman has appealed from the order which denied her motion for summary judgment dismissing the complaints in action Nos. 1, 2 and 3. In denying the motion Supreme Court determined that there were "issues of facts *[sic]* * * * surrounding [Hodgeman's] conduct and proximate cause issues which must be resolved by the trier of fact". Plaintiffs in action No. 3, William W. Jacobs and Arlene Jacobs, have appealed only from that portion of the order which denied their cross motion for summary judgment against Hodgeman on the issue of her liability for assisting in the procuring of alcoholic beverages.

There is an initial burden upon a movant to make a prima facie showing of entitlement to summary judgment as a matter of law *(see,* CPLR 3212 [b]; *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). Only then does the burden shift to the other side "to produce evidentiary proof in admissible form to establish the existence of such facts which require a trial of the action" *(Du Pont v Town of Horseheads,* 163 AD2d 643, 644; *see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). To support her motion, Hodgeman offered only an affidavit by her attorney, which incorporated selected portions of her testimony before a Grand Jury and in her examination before trial and portions of testimony from the depositions of others. The affidavit urged that Hodgeman did nothing more

---

1. In testimony before a Grand Jury, Hodgeman stated that she had observed some people who had become intoxicated at the party. She further testified at an examination before trial that the attendees were teenagers.

2. Plaintiffs each allege liability against Hodgeman for the furnishing or assisting in procuring alcoholic beverages and/or narcotic drugs for Black.

than provide transportation to Bonner and Winkler and that this transportation played no part in the purchase or procurement of the beer. The affidavit further argues that Hodgeman did not know that Black would be at the party or that he would become intoxicated. In opposition, plaintiffs submitted affidavits by their attorneys averring that the moving affidavit scrupulously omitted conflicting or differing references in witnesses' testimony. The affidavits sought to substantiate by references to such other testimony that Hodgeman assisted in procuring the beverages for persons she knew to be under 21 years of age and that the underage Black drank from the kegs of beer which Hodgeman assisted in procuring. In sum, these conflicting affidavits presented several triable issues of fact which require resolution by a jury.

Because the function of the court in a motion for summary judgment is issue finding, not issue determination (see, Fogel v Hertz Intl., 141 AD2d 375, 377; see also, Cruz v American Export Lines, 67 NY2d 1, 13, cert denied sub nom. Bussanich v United States Lines, 476 US 1170; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404), Supreme Court properly denied both the motion and cross motion for summary judgment. Having found that a trial is necessary to determine whether Hodgeman violated General Obligations Law § 11-100, it is unnecessary for us to reach the further issue of whether her acts were a proximate cause of the accident.

Mahoney, P. J., Casey, Levine and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.