JANE LANDISI et al., Appellants, v BEACON COMMUNITY DEVELOPMENT AGENCY et al., Defendants, and THADDEUS MOR-

TON et al., Respondents.—Weiss, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered October 25, 1990 in Dutchess County, which, upon reargument, adhered to its prior decision granting a motion by defendants Thaddeus Morton and Constance Morton for summary judgment dismissing the complaint against them.

Plaintiff Jane Landisi suffered personal injuries on March 23, 1988 when she tripped and fell on a segment of a concrete sidewalk which was significantly raised from the adjacent segment, apparently by the growth of the roots of a nearby tree.* Defendants Thaddeus Morton and Constance Morton are the owners of the abutting building. In this personal injury action, the Mortons moved for summary judgment dismissing the complaint against them by denying that they had either a relationship or duty relevant to the sidewalk, other than as an abutting landowner. They aver that they neither owned the offending sidewalk, used it in any special manner, repaired it in any manner prior to the accident, nor had a statutory duty to maintain it. Supreme Court concluded that plaintiffs had failed to set forth any proof in evidentiary form which would impose liability upon the Mortons for the sidewalk accident and dismissed the complaint against them. Plaintiffs appeal.

Plaintiffs contend that Supreme Court erred in several instances and that they appropriately established issues of fact sufficient to defeat the Mortons' motion for summary judgment. We agree. In the affidavit of William Komisar, a licensed land surveyor, plaintiffs established that the Mortons owned half of the sidewalk at the site of the accident. When viewed in conjunction with the accompanying survey of the site, as well as photos which identified the accident location, and Jane Landisi's deposition testimony, we find that a question of fact was raised as to the Mortons' ownership of the subject sidewalk. Further support for this conclusion is found in the affidavit of the Highway Superintendent of the City of Beacon disavowing ownership or maintenance of the sidewalk by the City.

Plaintiffs also submitted an affidavit from John Zampino, office manager of a tenant in the Mortons' building, who witnessed repairs to the specific sidewalk location at which

---

* Plaintiff Joseph Landisi is the husband of Jane Landisi and seeks recovery of medical expenses incurred for her treatment as well as damages for loss of her services, society and consortium.

the accident occurred which were made only months prior to the accident by the same contractors who, at the Mortons' request, repaired the sidewalk after the accident. Zampino stated that the first repairs were made by installing a concrete patch to eliminate the difference in height of the two uneven sidewalk slabs. He said that this concrete began to break apart shortly after the repair was made. Zampino further stated that after the accident, the difference in the height of the two uneven slabs was reduced and made level with machinery. Plaintiffs submitted evidentiary proof that the first repairs extended across the entire sidewalk including that portion owned by the Mortons.

In opposition to a motion for summary judgment, a plaintiff is entitled to every favorable inference which can be reasonably drawn from the evidence (Tambaro v City of New York, 140 AD2d 331, 332; see also, Merlis v Lupo, 108 AD2d 902). The facts presented here raise a fair inference that the initial defective repairs were made by the Mortons (see, Xenakis v Vorilas, 166 AD2d 586; Botfeld v City of New York, 162 AD2d 652).

However, plaintiffs did not rest with the foregoing proof showing that the Mortons owned the sidewalk and that repairs were made at their instance. Their private investigator interviewed the contractors (a father and son) who made the original repairs and confirmed that the original repair work was performed by them at the request of the Mortons. The Mortons contend that this proof, set forth in an affidavit by the private investigator, is rank hearsay and patently insufficient to defeat a motion for summary judgment. To be sure, conclusory hearsay from unidentified sources is inadequate to defeat a motion for summary judgment (Poluliah v Fidelity High Income Fund, 102 AD2d 720). The situation at bar, however, is significantly different.

Generally, " '[h]earsay evidence is not to be shut out' " from consideration in opposition to a motion for summary judgment (Phillips v Kantor & Co., 31 NY2d 307, 312 [citation omitted]; see also, Wertheimer v New York Prop. Ins. Underwriting Assn., 85 AD2d 540). Where a party submits affidavits which identify the witnesses, the substance of their testimony, how it is known what that testimony would be and how the witnesses acquired their knowledge, the hearsay set forth in such affidavits may be sufficient to defeat a motion for summary judgment provided an acceptable excuse for the failure to tender evidence in admissible form is supplied (Egleston v Kalamarides, 58 NY2d 682, 684; see, Zuckerman v City of New

*York,* 49 NY2d 557, 562; *Indig v Finkelstein,* 23 NY2d 728). We find that plaintiffs have demonstrated that this circumstance is present here.

The record shows that the contractors refused to sign affidavits supporting plaintiffs. Obviously, such affidavits would be an admission by them that it was their work which is now alleged to have been negligently performed. In fact, plaintiffs commenced legal action against the contractors at about the time the instant motion was made by the Mortons. We find that this proof provides an acceptable excuse for plaintiffs' failure to have met the strict requirement to tender evidence in admissible form and permits the consideration of hearsay evidence *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068; *Noha v Gurda, Gurda & Tatz,* 178 AD2d 731). For these reasons, it was error to grant summary judgment to the Mortons.

Levine, Mercure and Casey, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted the motion by defendants Thaddeus Morton and Constance Morton for summary judgment; said motion denied; and, as so modified, affirmed.