■ RICHARD W. KURTH, JR., Appellant v ADAM LAWLOR et al., Defendants, and MARDI-BOB BOWLING, INC., et al., Respondents.—Mahoney, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered February 1, 1991 in Dutchess County, which, upon reconsideration, adhered to its prior decision granting motions by certain defendants for summary judgment dismissing the complaint against them.

This action arises out of a single-car automobile accident in which a vehicle occupied by plaintiff and defendant Adam Lawlor left the road and struck a tree. The facts establish that prior to the accident, plaintiff and Lawlor purchased and consumed beer at both defendant Rojace Food Mart and defendant Mardi-Bob Bowling, Inc. (hereinafter collectively referred to as defendants). They then proceeded to Lawlor's home where Lawlor attempted to start his brother's car. Upon starting the car, Lawlor got into the driver's seat, plaintiff got into the passenger's seat and they drove off. Approximately three miles from Lawlor's home, the car left the road and struck a tree. Both occupants were ejected from the vehicle upon impact and sustained serious injuries.

Thereafter, both plaintiff and Lawlor brought suit against each other, each claiming that the other was driving at the time of the accident, and against defendants for violation of the Dram Shop Act (General Obligations Law § 11-101). A motion to join the two actions for trial was denied by Supreme Court for reasons not apparent in the record. Also, an earlier motion for summary judgment by defendants in this case was denied after Supreme Court concluded that there was a triable issue of fact regarding whether plaintiff or Lawlor was driving the car.

The Lawlor action was the first to proceed to trial. In an effort to establish that plaintiff was the driver, Lawlor produced John States, a retired orthopedist who engages in automobile accident reconstruction. States opined that in view of the nature of the damage to the passenger side of the car and the injuries sustained by Lawlor, Lawlor was in the passenger seat at the time of the accident. Notwithstanding this testimony, plaintiff testified that he was not driving. Plaintiff's credibility was attacked, however, by reference to a prior inconsistent statement plaintiff made to Lawlor's insurer wherein plaintiff indicated that he was driving the car. Lawlor's action was settled out of court prior to its conclusion.*

Defendants then renewed their motions for summary judgment in this action, contending that States' expert testimony established, as a matter of law, that plaintiff was driving the vehicle at the time of the accident and, as such, plaintiff could not recover against them under General Obligations Law § 11-101 for his own injuries (see, Reuter v Flobo Enters., 120 AD2d 722). In response, plaintiff asserted that inasmuch as the Lawlor case had settled, with the result that the driver identity issue was never resolved by a trier of fact, issues of fact remained. Supreme Court granted defendants' motions for summary judgment dismissing the complaint against them. On a motion for reconsideration, Supreme Court adhered to its prior decision despite the subsequent submission of an affidavit by plaintiff, wherein he averred that he was not driving, and deposition testimony from persons who accompanied the parties to the Lawlor house and saw plaintiff get into the passenger seat at the time plaintiff and Lawlor left Lawlor's house. Plaintiff appeals.

---

* Evidently, plaintiff made no express admission of fault in connection with the settlement. Accordingly, it has no effect on resolution of the instant issue (see, Central Petroleum Corp. v Kyriakoudes, 121 AD2d 165, lv dismissed 68 NY2d 807; Bigelow-Sanford, Inc. v Specialized Commercial Floors, 77 AD2d 464).

It is well established that on a motion for summary judgment, the movant bears the initial burden of establishing his claim or defense " 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067, quoting CPLR 3212 [b]). To the extent that the movant's proof meets this standard, the burden shifts to the opponent to "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]). Even assuming that the expert testimony submitted by defendants satisfied their initial burden *(cf., Cusano v General Elec. Co.,* 111 AD2d 557, 558, *affd* 66 NY2d 844), in our view the evidence submitted upon plaintiff's motion for reconsideration, i.e., his own affidavit, wherein he refers to his testimony during trial of the Lawlor action that he was not driving and reaffirms his status as passenger, and the deposition testimony of persons who indicated that Lawlor was driving the vehicle when plaintiff and Lawlor left the Lawlor house, at least raised a credibility question.

Because issue finding rather than issue determination is the inquiry on a summary judgment motion, ordinarily it is not the court's function in ruling on such motions to assess credibility *(see, e.g., Whiteford v Smith,* 168 AD2d 885, 886) unless untruths are *clearly* apparent *(see, e.g., Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441). We reject defendants' assertions that untruths are patently obvious from a reading of the submissions herein. In our view, the existence of a prior unsworn statement obtained from plaintiff by Lawlor's insurer, while it may cast doubt, does not render his subsequent sworn testimony, i.e., deposition testimony, trial testimony and instant affidavit, clearly untrue *(cf., Egleston v Kalamarides,* 89 AD2d 777, *mod on other grounds* 58 NY2d 682). This is especially so in this case where knowledge of the contested facts rests exclusively within the knowledge of plaintiff and Lawlor *(cf., Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262) and plaintiff's version is supported, at least tangentially, by the submitted deposition testimony of others.

Weiss, P. J., Mikoll, Levine and Crew III, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as adhered upon reconsideration to its prior decision granting the motions by defendants Mardi-Bob Bowling, Inc. and Rojace Food Mart for summary judgment; said motions denied; and, as so modified, affirmed.