SANDRA F. SIEGEL, Respondent, v HARVEY WANK, Appellant, et al., Defendant.

Third Department, November 5, 1992

APPEARANCES OF COUNSEL

*Thorn & Gershon,* Albany *(Maureen S. Bonanni* of counsel), for appellant.

*LoPinto, Schlather, Solomon & Salk,* Ithaca *(Raymond M. Schlather* of counsel), for respondent.

### OPINION OF THE COURT

CREW III, J.

On July 12, 1988 defendant Jeffrey A. Watson and defendant Harvey Wank (hereinafter defendant), an oral surgeon licensed to practice in both this State and Pennsylvania, performed dental implant surgery on plaintiff in the City of Syracuse, Onondaga County. Following the surgery, plaintiff allegedly experienced various complications and underwent certain additional procedures. Plaintiff thereafter commenced this action for dental malpractice against Watson and defendant; defendant was served with a summons with notice on February 15, 1991 in Pennsylvania.[1] Defendant appeared, demanded a complaint and thereafter moved to dismiss pursuant to CPLR 3211 (a) (5) and 3212 contending that the action was time barred. Supreme Court concluded that questions of fact existed as to the applicability of the continuous treatment doctrine and denied defendant's motion to dismiss without prejudice. Defendant now appeals.

We affirm. It is well settled that on a motion to dismiss pursuant to CPLR 3211 (a) (5), the defendant bears the burden of establishing by prima facie proof that the Statute of Limitations has elapsed *(Hoosac Val. Farmers Exch. v AG Assets,* 168 AD2d 822, 823). Once the defendant has met this threshold requirement, "the burden shifts to the [plaintiff] to aver evidentiary facts establishing that the case at hand falls within [an exception to the statutory period]" *(supra,* at 823). Here, the proof established that plaintiff's cause of action accrued on July 12, 1988 *(see, Patterson v Minehan,* 180 AD2d 241, 242) and that defendant was not served until February 15, 1991, approximately one month after the expiration of the applicable Statute of Limitations period *(see,* CPLR 214-a). Thus, a prima facie defense was presented and the burden

---

1. Although plaintiff attempted service prior to the expiration of the Statute of Limitations period on January 12, 1991, the parties agree that this service was ineffective.

shifted to plaintiff to establish that the continuous treatment doctrine applied.[2]

Under the doctrine of continuous treatment, the Statute of Limitations is tolled until after a plaintiff's last treatment " 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " *(McDermott v Torre,* 56 NY2d 399, 405, quoting *Borgia v City of New York,* 12 NY2d 151, 155; *see, Massie v Crawford,* 78 NY2d 516, 519). The Court of Appeals has emphasized, however, that "essential to the application of the doctrine is that there has been a course of treatment established with respect to the condition that gives rise to the lawsuit" *(Nykorchuck v Henriques,* 78 NY2d 255, 258-259). Thus, neither the mere continuation of the doctor/patient relationship *(McDermott v Torre, supra,* at 405), continuing diagnostic visits *(supra,* at 406; *see, Cizek v Bassett Hosp.,* 176 AD2d 1035, 1037), routine examinations of a seemingly healthy patient *(Massie v Crawford, supra,* at 520), or a patient's initiation of a return visit merely to have his or her condition checked is sufficient to invoke the doctrine of continuous treatment *(Patterson v Minehan, supra,* at 243; *see, McDermott v Torre, supra,* at 405). On the other hand, "a *timely* return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" falls within the scope of "continuous treatment" *(McDermott v Torre, supra,* at 406 [emphasis supplied]; *see, Edmonds v Getchonis,* 150 AD2d 879, 881, *supra).*

With these principles in mind, we turn to the facts presented here. It is undisputed that plaintiff had no direct contact with defendant from the time of the initial operation on July 12, 1988 until November 30, 1990, at which time plaintiff traveled to defendant's office in Pennsylvania for an examination. Plaintiff avers, however, that when she first experienced problems following the initial surgery, Watson told her that he had consulted with defendant who, in turn, "advised [Watson] to perform a surgical procedure to clean out the area around the implants". When this procedure apparently failed to alleviate plaintiff's pain, plaintiff considered having the infected implant removed. According to plaintiff,

---

2. We reject plaintiff's contention that defendant should be equitably estopped from raising a Statute of Limitations defense. There is no indication in the record that defendant concealed the true nature of plaintiff's condition in order to avoid a timely lawsuit *(cf., Edmonds v Getchonis,* 150 AD2d 879, 882).

Watson told her that "he would consult * * * with [defendant]" and thereafter reported that "[defendant] thought it inadvisable to leave [the remaining] implant[s] buried because 'they liked to be stimulated' and thought [that] removing the infected implant would be difficult". Thus, it is plaintiff's contention that Watson consulted with defendant on a regular basis throughout the course of her treatment, which constituted a legally relevant relationship sufficient for imputation purposes (see, Pierre-Louis v Ching-Yuan Hwa, 182 AD2d 55; Swartz v Karlan, 107 AD2d 801, 803). In addition, plaintiff offered Watson's office records which contained an entry dated November 11, 1990 indicating that Watson had kept defendant continually apprised of plaintiff's condition.

Although we agree with defendant that Watson's unsworn office records are insufficient to defeat a motion for summary judgment (see, Rodriguez v Goldstein, 182 AD2d 396; Grasso v Angerami, 173 AD2d 981, 982, affd 79 NY2d 813), we conclude that the remaining proof offered by plaintiff is sufficient to raise a question of fact as to the applicability of the continuous treatment doctrine. While the evidence proffered is hearsay, this Court recently reiterated that "[w]here a party submits affidavits which identify the witnesses, the substance of their testimony, how it is known what that testimony would be and how the witnesses acquired their knowledge, the hearsay set forth in such affidavits may be sufficient to defeat a motion for summary judgment provided an acceptable excuse for the failure to tender evidence in admissible form is supplied" (Landisi v Beacon Community Dev. Agency, 180 AD2d 1000, 1002; cf., Noha v Gurda, Gurda & Tatz, 178 AD2d 731, 732). Plaintiff's affidavit satisfies each of these requirements, and the reason for her inability to secure proof in admissible form, i.e., an affidavit from Watson or defendant attesting to the substance of the alleged consultations, is obvious.

In addition to this hearsay evidence, we have considered plaintiff's proof regarding the nature of the November 1990 office visit with defendant. Plaintiff avers that the purpose of this visit was "to confirm the health of the implants or to propose a treatment if they were not healthy". According to plaintiff, defendant "took a series of x-rays" and proposed a course of treatment for the bone loss she had apparently suffered; plaintiff stated that she would "consider [defendant's] recommended treatment". While defendant contends that

plaintiff's own proof demonstrates that this visit was purely diagnostic and constituted a resumption, rather than a continuation, of treatment *(see, Coyne v Besser,* 165 AD2d 857, 859, *lv denied* 77 NY2d 808), we are of the view that, at the very least, a question of fact exists as to the true nature of this visit. Although plaintiff apparently consulted with a number of physicians during the 27 months that elapsed between her initial surgery and return visit to defendant, there is little doubt that the November 1990 visit was directly related to the initial implant surgery performed by Watson and defendant. Thus, we cannot conclude, as a matter of law, that the continuous treatment doctrine does not apply. Defendant's motion was therefore properly denied.

WEISS, P. J., MIKOLL, YESAWICH JR. and HARVEY, JJ., concur.

Ordered that the order is affirmed, with costs.