■ Esther Goldstein, Respondent, v Town of Liberty et al., Defendants, and Eugene L. Primavera et al., Appellants. —Appeal from an order of the Supreme Court (Williams, J.), entered December 23, 1991 in Sullivan County, which, *inter alia,* denied a cross motion by defendants Eugene L. Primavera and Diane E. Barrow for summary judgment dismissing the complaint against them.

Plaintiff commenced this action seeking damages for personal injuries she incurred after a one-car accident at approximately 12:30 A.M. on November 29, 1988 in the Town of Liberty, Sullivan County. The accident occurred when her vehicle allegedly came in contact with ice which had accumulated on the roadway, causing her to lose control and strike a utility pole. With regard to the third cause of action, plaintiff essentially alleges that defendants Eugene L. Primavera and Diane E. Barrow (hereinafter collectively referred to as defendants) were negligent in allowing water to flow from their property onto the roadway creating a dangerous condition. In support of their motion for summary judgment, defendants submitted affidavits by Primavera and two employees of the Town Highway Department, one of whom helped extricate plaintiff from her car. Each averred that at the time of the

accident no snow or ice existed anywhere on the entire roadway, much less in the vicinity of the accident. Defendants also pointed out that in her examination before trial, plaintiff testified that when she went to work earlier in the day the road was "clear and clean" and there had been no precipitation the entire day. Although plaintiff also testified that ice caused her accident, she admitted that she never actually saw any ice and she only said this because she did not know what else would cause her car to go into a spin.

We initially determine that this evidence was sufficient for defendants to meet their burden of demonstrating their entitlement to summary judgment as a matter of law *(see,* CPLR 3212 [b]; *Graff v Amodeo,* 178 AD2d 901, 902). Having done so the burden shifted to plaintiff to produce evidence in admissible form establishing the existence of a triable issue of fact *(see, Batinkoff v Batinkoff,* 173 AD2d 929, 930; *Du Pont v Town of Horseheads,* 163 AD2d 643, 644). In opposition, plaintiff submitted an affidavit by her attorney and an accident report by a police officer, who was not a witness to the accident, which stated in a conclusory fashion that plaintiff hit an icy spot in the road. Neither the attorney's affidavit nor the accident report constituted evidentiary proof in admissible form to establish the existence of facts requiring a trial *(see, Noha v Gurda, Gurda & Tatz,* 178 AD2d 731, 732; *Eisenbach v Rogers,* 158 AD2d 792, *appeal dismissed* 76 NY2d 983, *lv denied* 79 NY2d 752; *Conners v Duck's Cesspool Serv.,* 144 AD2d 329). As there is no evidence that defendants did anything which contributed to the happening of the accident, or that they had a duty to prevent or divert a runoff if indeed one existed, their cross motion for summary judgment should have been granted *(see, Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 298).

Weiss, P. J., Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as denied the cross motion by defendants Eugene L. Primavera and Diane E. Barrow for summary judgment; said cross motion granted and complaint dismissed against said defendants; and, as so modified, affirmed.