■ PETER J. MEIZINGER, Individually and as Guardian ad Litem for KIMBERLY R. MEIZINGER, Respondent, v CHRISTINE A. AKIN et al., Defendants, and COUNTRY GROVE INN, INC., Appellant. [596 NYS2d 930] —Crew III, J. Appeal from an order of the Supreme Court (Keniry, J.), entered May 21, 1992 in Rensselaer County, which partially denied a motion by defendant Country Grove Inn, Inc. for summary judgment dismissing the complaint against it.

On the evening of August 8, 1986, defendant Christine A. Akin, accompanied by a friend, went to a bar owned by defendant Country Grove Inn, Inc. (hereinafter Country Grove), where she consumed a number of 12-ounce bottles of beer. According to Akin, she thereafter left Country Grove Inn and went to a bar owned by defendant McGuirk Enterprises, Inc., doing business as Billy's, where she continued to drink beer. At approximately 12:30 A.M. on the morning of August 9,

1986, while traveling south on Broadway in the City of Watervliet, Albany County, Akin struck Kimberly R. Meizinger. As a result of the accident, Meizinger sustained grave physical injuries.

Plaintiff thereafter commenced this action on behalf of Meizinger alleging common-law negligence and Dram Shop Act liability *(see,* General Obligations Law § 11-101), and asserting a derivative cause of action. Country Grove and Akin answered, and Country Grove commenced a third-party action against McGuirk Enterprises. A default judgment was taken against McGuirk Enterprises by plaintiff and Country Grove. Country Grove subsequently moved for summary judgment dismissing the complaint against it. Supreme Court dismissed the negligence and derivative causes of action based upon plaintiff's failure to oppose their dismissal but denied Country Grove's motion to dismiss the Dram Shop Act cause of action, finding that a question of fact exists regarding whether Akin was visibly intoxicated while being served alcohol at Country Grove Inn. This appeal by Country Grove followed.

In order to sustain a claim under the Dram Shop Act, a plaintiff must establish that the defendant vendor unlawfully sold alcohol to an intoxicated person *(see,* General Obligations Law § 11-101 [1]). At the time of Meizinger's accident, an unlawful sale was defined, in pertinent part, as a sale to "[a]ny visibly intoxicated person" (Alcoholic Beverage Control Law § 65 [2]).

It is well settled that on a motion for summary judgment, the movant bears the initial burden of establishing entitlement to judgment as a matter of law *(see, Kurth v Lawlor,* 183 AD2d 1060, 1062; *Graff v Amodeo,* 178 AD2d 901, 902). Once this initial burden has been satisfied, the burden shifts to the party opposing the motion " 'to produce evidentiary proof in admissible form to establish the existence of such facts which require a trial of the action' " *(Graff v Amodeo, supra,* at 902, quoting *Du Pont v Town of Horseheads,* 163 AD2d 643, 644).

In support of its motion, Country Grove offered the affidavit of bartender Matthew Johnson. Johnson averred that on the evening in question, Akin was in Country Grove Inn for approximately 1½ hours (from approximately 6:30 P.M. to 8:00 P.M.), during which time she consumed two or three bottles of beer and ingested two dozen steamed clams and a sandwich. According to Johnson, Akin did not slur her speech, display problems walking or otherwise appear intoxicated while she

was at Country Grove Inn. Bartender Lawrence Le Blanc's examination before trial testimony reflected a similar version of facts. Le Blanc, who had apparently seen Akin intoxicated on a prior occasion and therefore knew how Akin acted when she was drunk, testified that he did not observe any signs that Akin was intoxicated while she was at Country Grove Inn.

Akin testified at her examination before trial that she arrived at Country Grove Inn around 8:30 P.M. and left at approximately 10:00 P.M. While there, Akin testified that she consumed three or four bottles of beer and ate 4½ dozen steamed clams, some pretzels and some crackers. According to Akin, she had no problems walking when she left Country Grove Inn, was not slurring her speech and did not feel at all intoxicated. Akin further testified that after leaving Country Grove Inn, she and her friend went to Billy's, where she consumed another three or four bottles of beer before leaving at approximately 12:00 A.M. We are of the view that this proof was sufficient to satisfy Country Grove's initial burden on the motion for summary judgment; the burden therefore shifted to plaintiff to offer admissible proof to raise a question of fact regarding whether Akin was visibly intoxicated while at Country Grove Inn.

In opposition to Country Grove's motion, plaintiff offered the affidavit of City of Watervliet Police Sergeant Mark Fiet, who apparently questioned Akin at the accident scene. According to Fiet, it was "immediately apparent that [Akin] was severely intoxicated", as evidenced by her poor motor coordination, slurred speech and red, glassy eyes. Fiet further stated that Akin smelled strongly of alcohol. An Alco-Sensor test taken at approximately 1:15 A.M. showed a blood alcohol content of .21% and a blood test taken at 2:14 A.M. indicated a blood alcohol content of .22%. Additionally, plaintiff's expert opined that in order for Akin to have had this blood alcohol content, it would have been necessary for her to consume between 10 and 12 12-ounce bottles of beer between 9:00 P.M. and 12:00 A.M. and, further, that Akin "would almost certainly have exhibited visible signs of intoxication".

Plaintiff's proof in opposition to the motion plainly establishes that Akin was visibly intoxicated at the scene of the accident and, in all likelihood, at some point prior thereto. Under the circumstances present here, however, plaintiff had to do more than establish that Akin was visibly intoxicated at the accident scene. In view of Akin's testimony that she left Country Grove Inn some 2½ hours before the accident and thereafter consumed an additional three or four bottles of

beer at another bar, plaintiff needed to tender sufficient admissible proof to raise a question of fact as to the level of Akin's intoxication while at Country Grove Inn *(compare, Fiegl v 1695 Ridge Rd. Webster Inn Rest.,* 162 AD2d 1024 [accident occurred shortly after the defendant left the only bar at which he had consumed alcohol], *with Terbush v Buchman,* 147 AD2d 826 [accident occurred almost two hours after the defendant left one bar and had consumed additional alcohol at another bar]). This plaintiff failed to do.

The record contains the certified investigation file of the Watervliet Police Department which includes an unsworn statement, presumably from Akin, stating "8:30 to 11:30 in [t]he Grove[.] Bartender knows. The [d]efendant [d]rinking Budweiser," and an averment from Fiet to the effect that Akin told him that she had been drinking Budweiser at Country Grove Inn since 8:30 P.M. the night before. Such proof, however, is plainly inadmissible hearsay for purposes of this motion *(see, Noha v Gurda, Gurda & Tatz,* 178 AD2d 731, 732; *Campbell v Lorenzo's Pizza Parlor,* 172 AD2d 478, 479, *lv denied* 78 NY2d 863; *Gonyea v Folger,* 133 AD2d 964, 965). Although hearsay may be considered in opposition to a motion for summary judgment where the nonmoving party demonstrates, *inter alia,* an acceptable excuse for the failure to tender proof in admissible form *(see, Siegel v Wank,* 183 AD2d 158, 161; *Noha v Gurda, Gurda & Tatz, supra,* at 732), plaintiff has made no such demonstration here, and we are unable to discern a persuasive reason for his failure to do so *(compare, Siegel v Wank, supra).*

Finally, although certain inconsistencies do exist between Akin's and the respective bartenders' recollections regarding the exact time Akin arrived and left Country Grove Inn, these discrepancies and Akin's relationship with the owners of Country Grove Inn relate only to credibility and are insufficient to raise a question of fact regarding Akin's level of intoxication while she was at Country Grove Inn *(see, Pizzaro v City of New York,* 188 AD2d 591, 594; *Terbush v Buchman,* 147 AD2d 826, 827-828, *supra; Gonyea v Folger, supra,* at 965). Plaintiff's remaining arguments have been examined and found to be lacking in merit.

Mikoll, J. P., Levine, Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Country Grove Inn, Inc., by granting said defendant's motion for summary judgment dismissing the Dram Shop Act cause of action and all cross claims against it, and, as so modified, affirmed.