■ S.B. SCHWARTZ AND CO., INC., Appellant, v G. & H. REAL ESTATE HOLDING CORP., Respondent. [695 NYS2d 613] —In an action to recover a real estate brokerage commission, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered November 6, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

Pursuant to a brokerage commission agreement, the plaintiff real estate broker sought to procure a tenant for a commercial space owned by the defendant. A prospective tenant, Genovese Drug Stores, Inc. (hereinafter Genovese), was found, and after

an apparent agreement on the terms of a lease, the defendant withdrew from the agreement and instead rented the space to a competitor of Genovese. The plaintiff then sued for its brokerage commission alleging, *inter alia*, that it had fulfilled its obligations under the terms of the brokerage agreement by delivering Genovese as a ready, willing, and able tenant.

It is well settled that the party moving for summary judgment must make a prima facia showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320; *Zuckerman v City of New York*, 49 NY2d 557). The failure to make such a prima facie showing requires the denial of the motion regardless of the sufficiency of the opposing papers (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Elzer v Nassau County*, 111 AD2d 212). The defendant's motion failed to comport with the requirements of CPLR 3212 (b) in that no proof from a person having knowledge of the facts was presented and the moving papers did not recite all the material facts as required. Therefore, the motion was insufficient to establish the defendant's entitlement to summary judgment as a matter of law (*see, Graff v Amodeo*, 178 AD2d 901; *Alvarez v Prospect Hosp., supra*; *Zuckerman v City of New York, supra*; *Winegrad v New York Univ. Med. Ctr., supra*). Ritter, J. P., Thompson, Feuerstein and Smith, JJ., concur.