■ SAINT JAMES' EPISCOPAL CHURCH et al., Respondents, v F.O.C.U.S. FOUNDATION et al., Defendants, and CITIHOPE INTERNATIONAL, INC., Appellant. [850 NYS2d 661]—

Kane, J. Appeal from an order of the Supreme Court (Dowd, J.), entered December 29, 2006 in Otsego County, which denied the motion of defendant Citihope International, Inc. for summary judgment on its counterclaims.

Mark Cole was the rector of plaintiff Saint James' Episcopal Church (hereinafter the Church) and a director of plaintiff St.

James' Episcopal Missionary Society (hereinafter the Society), a separate not-for-profit corporation. In July 2000, Cole, on behalf of the Society, allegedly entered into a written pledge agreement with defendant Citihope International, Inc. Pursuant to these documents, Citihope would acquire and deliver $6 million worth of medicines to various countries, and the Society would contribute $150,000 toward costs. On August 10, 2000, Cole resigned as rector of the Church.* It is unclear whether Cole lost his position as a director of the Society on August 10 or August 14, 2000. On August 11, 2000, at Cole's request, the Society's treasurer issued a $150,000 check to Citihope. The check was dishonored for insufficient funds.

Plaintiffs subsequently commenced this interpleader action to determine the proper owner of the $150,000. Citihope counterclaimed against the Society for payment on the bad check and breach of contract. Soon after issue was joined in 2001, Citihope moved for summary judgment on its counterclaims. Supreme Court denied the motion, finding that it was premature. In 2006, after most disclosure had been completed, Citihope renewed its motion for summary judgment. Supreme Court again denied the motion, finding that issues of fact still exist. Citihope appeals.

Supreme Court properly denied Citihope's motion for summary judgment. Citihope met its initial burden on its breach of contract counterclaim by producing the sponsorship application and pledge agreement signed by Cole and dated July 10, 2000, the affidavit of Citihope's president attesting that he and Cole signed those documents on that date, and the lack of payment pursuant to those documents. In opposition, plaintiffs submitted the affidavit of a State Police investigator. The investigator averred that during questioning, Cole admitted that the pledge agreement was signed on August 10, 2000 and backdated to July 10, 2000 at the request of Citihope's president. While hearsay evidence that is inadmissible at trial may be sufficient to defeat a motion for summary judgment, there must be some additional competent evidence to support the motion or an excuse for the failure to present proof in admissible form (see *Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302 [2007]; *Allstate Ins. Co. v Keil*, 268 AD2d 545, 545-546 [2000]; *see also Murray v North Country Ins. Co.*, 277 AD2d 847, 850 [2000]; *Randio v*

---

* In April 2004, Cole pleaded guilty in federal court to one count of fraud and false statements (*see* 26 USC § 7206 [1]). In June 2006, he pleaded guilty in state court to grand larceny in the second degree (*see* Penal Law § 155.40 [1]). These convictions related to Cole's improper dealings with the Church's and the Society's finances.

*Thomas*, 270 AD2d 767 [2000]). Plaintiffs offered a reasonable excuse for their failure to present nonhearsay proof through their submission of the deposition transcript where Cole asserted his Fifth Amendment right to remain silent in response to all substantive questions (*see Egleston v Kalamarides*, 58 NY2d 682, 684 [1982]; *Siegel v Wank*, 183 AD2d 158, 161 [1992]). Due to the criminal proceedings in federal and state court, the absence of an affidavit from Cole was understandable (*compare Gizzi v Hall*, 300 AD2d 879, 881 [2002]; *Landisi v Beacon Community Dev. Agency*, 180 AD2d 1000, 1002-1003 [1992]). Additionally, some competent evidence circumstantially supported a possible backdating of the contract; Cole's hearsay statement alleged that he was asked to backdate the contract on August 10, 2000 and the check was written just one day later, on August 11. While the contract did not require payment until August 15, 2000, thus making this payment timely, its timing is extremely coincidental considering Cole's resignation on August 10 and his subsequent employment with Citihope immediately after resigning from the Church. Summary judgment is inappropriate, considering this conflicting evidence concerning when the documents were signed and the possibility that Citihope's president engaged in improper conduct surrounding the execution of these documents.

Finally, Supreme Court was not required to sever Citihope's counterclaims. While CPLR 1006 (e) permits severance of independent claims from the interpleader action, the statute provides the court discretion. As an alternative to severance, the court is permitted to require that the independent claims be tried along with the main action (*see* CPLR 1006 [e]). Due to the interrelated nature of Citihope's counterclaims and the interpleader action, the court did not abuse its discretion in denying the request for severance.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

