JOSEPH E. KAUFMAN, Individually and as Administrator of the Estate of JOSEPH D. KAUFMAN, Deceased, et al., Respondents, v QUICKWAY, INC., et al., Appellants. [882 NYS2d 554]—

Rose, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered October 9, 2008 in Delaware County, which denied defendants' motion for summary judgment dismissing the complaint.

Soon after purchasing a 12-pack of beer at a convenience store operated by defendants, Earl Beers drove his vehicle at high speed, swerved into oncoming traffic and struck a vehicle being driven by plaintiffs' son, killing both himself and the son. The collision occurred at 4:03 P.M. A cash register receipt found in Beers' car showed that he had purchased the beer at 3:56:49 P.M., less than seven minutes before the collision. Plaintiffs later commenced this action alleging that defendants violated General Obligations Law § 11-101 (1) by selling alcohol to Beers when he was visibly intoxicated. Following disclosure, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, finding that certain statements about the sale allegedly made by the store clerk, Bonney Edwards, raised questions of fact. Defendants now appeal, and we reverse.

A violation of General Obligations Law § 11-101 occurs when a defendant sells alcohol to a person who is visibly intoxicated at the time (*see* Alcoholic Beverage Control Law § 65 [2]; *Adamy v Ziriakus*, 92 NY2d 396, 400-401 [1998]). Here, defendants met their initial burden of establishing their entitlement to summary judgment. They submitted Edwards' sworn deposition testimony that her customer had not appeared intoxicated at the time of the sale and the affidavit of a toxicologist who opined that, based upon the alcohol content of .037% in a sample of Beers' blood taken at the scene of the accident, he would not have shown signs of intoxication at the time of the sale. This evidence shifted the burden to plaintiffs to raise a question of fact as to whether Beers was visibly intoxicated when he purchased alcohol from defendants (*see Csizmadia v Town of Webb*, 289 AD2d 854, 856 [2001]; *Sorensen v Denny Nash, Inc.*, 249 AD2d 745, 747 [1998]; *Gonyea v Folger*, 133 AD2d 964, 965 [1987]).

In opposition to defendants' motion, plaintiffs relied on a supporting deposition prepared by a police officer and purportedly

signed by Edwards "under penalty of perjury" (*see* CPL 100.20), but not sworn or notarized. They also relied on the police officer's testimony as to the oral statements allegedly made by Edwards to him when he prepared the supporting deposition. Those statements include her description of the customer to whom she sold a 12-pack of beer on the afternoon of the collision as well as her account that the customer had the odor of beer on his breath and she had difficulty understanding what he was saying. During her subsequent examination before trial, however, Edwards strongly denied making the statements upon which plaintiffs now rely to establish Beers' appearance of intoxication. She averred instead that she had not smelled alcohol on the customer to whom she sold the beer, she had no trouble understanding him and denied knowing whether the customer was intoxicated. Notably, Edwards asserted that the supporting deposition is not the actual document that she signed and does not accurately reflect the statement that she gave.

Since Edwards' out-of-court statements were offered by plaintiffs for the truth of their content, they constitute hearsay (*see People v Romero*, 78 NY2d 355, 361 [1991]; Prince, Richardson on Evidence § 8-101 [Farrell 11th ed]). As such, they are not admissible unless they satisfy one of the exceptions to the hearsay rule (*see Nucci v Proper*, 95 NY2d 597, 602 [2001]; *People v Settles*, 46 NY2d 154, 166-167 [1978]). Contrary to plaintiffs' suggestion at oral argument, the statements are not admissions attributable to a party, as there is no evidence that Edwards was authorized to speak on defendants' behalf (*see Loschiavo v Port Auth. of N.Y. & N. J.*, 58 NY2d 1040, 1041 [1983]; *Tkach v Golub Corp.*, 265 AD2d 632, 634 [1999]). Nor does the supporting deposition fall within the exception for a prior inconsistent written statement where the declarant is available to testify and there is no reason to believe that the declarant's words were incorrectly reported (*see Letendre v Hartford Acc. & Indem. Co.*, 21 NY2d 518, 524 [1968]; Prince, Richardson on Evidence § 8-104 [Farrell 11th ed, 2008 Supp]).*

"While we recognize that a prior [inadmissible,] inconsistent

---

* The Court of Appeals has explained that the *Letendre* exception does not apply merely because the declarant is available to testify and be cross-examined; rather, all relevant factors must indicate that the hearsay statement is reliable (*see Nucci v Proper*, 95 NY2d at 603). Here, as in *Nucci*, but not in *Letendre*, the reliability of the unsworn statements recorded in the supporting deposition and reported by the police officer is denied by Edwards' sworn testimony (*see id.* at 604). While there may be more factors indicating the reliability of the statements attributed to Edwards than were present in *Nucci*, Edwards' statements do not meet the requirements of the *Letendre* exception because she has seriously disputed their utterance and content,

*(n. cont'd)*

hearsay statement may, under certain circumstances, raise an issue of fact sufficient to defeat summary judgment, those circumstances are not present here" (*Edmonds v Quellman*, 277 AD2d 579, 580-581 [2000] [citation omitted]). As inadmissible hearsay, Edwards' statements could be considered in opposition to defendants' motion for summary judgment only if there were an acceptable excuse for plaintiffs' failure to present the evidence in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Meizinger v Akin*, 192 AD2d 1011, 1014 [1993], *lv denied* 82 NY2d 661 [1993]) or other competent evidence in the record supporting their claim (*see Saint James' Episcopal Church v F.O.C.U.S. Found.*, 47 AD3d 1058, 1060 [2008]; *Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302 [2007]; *Stankowski v Kim*, 286 AD2d 282, 283 [2001], *appeal dismissed* 97 NY2d 677 [2001]; *Guzman v L.M.P. Realty Corp.*, 262 AD2d 99, 100 [1999]; *Egleston v Kalamarides*, 89 AD2d 777, 778 [1982], *mod on other grounds* 58 NY2d 682 [1982]). Here, plaintiffs could not present the relevant statements in admissible form because Edwards repudiated them. Repudiation is not an acceptable excuse, however, because plaintiffs had the opportunity to, and did, obtain Edwards' sworn testimony describing the sale at her examination before trial. Thus, this is not a case where the witness was unavailable or unwilling to give a sworn statement as to the relevant facts (*cf. Egleston v Kalamarides*, 58 NY2d 682, 684 [1982]; *Gizzi v Hall*, 300 AD2d 879, 881 [2002]; *Maldonado v Townsend Ave. Enters., Ltd. Partnership*, 294 AD2d 207, 208 [2002]).

Nor is there any other admissible evidence tending to support the contention that Beers appeared intoxicated in the convenience store at the time of the sale. Apparently, no one else observed Beers at the store and plaintiffs presented no expert evidence that his blood alcohol content would have caused him to appear intoxicated at the time of the sale (*cf. Adamy v Ziriakus*, 92 NY2d at 402). Accordingly, there was no valid basis for Supreme Court to consider this hearsay evidence in deciding defendant's motion for summary judgment (*see Meizinger v Akin*, 192 AD2d at 1014; *Gonyea v Folger*, 133 AD2d at 966), and defendants' motion should have been granted.

Cardona, P.J., Spain, Kane and Garry, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.

---

expressly asserting that her words were "incorrectly reported" (*Letendre v Hartford Acc. & Indem. Co.*, 21 NY2d at 524; *see Nucci v Proper*, 95 NY2d at 604; Prince, Richardson on Evidence § 8-104 [Farrell 11th ed, 2008 Supp, at 252]).