■ KERRI A. RANDIO, Appellant, v HELENE E. THOMAS, Respondent. [704 NYS2d 379] —Crew III, J. Appeal from an order of the Supreme Court (Caruso, J.), entered December 17, 1998 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

As the result of an automobile accident on November 2, 1992, plaintiff was taken to Ellis Hospital in Schenectady County where she was diagnosed as having sustained a cervical strain, fitted with a cervical collar and released. Thereafter, plaintiff began treating with Anthony Cinque, a chiropractor, until 1995 when, following Cinque's death, she began treating with Claude Guerra, who took over Cinque's practice.

In March 1995, plaintiff commenced this action seeking damages for the injuries she sustained in the accident. Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted defendant's motion and this appeal ensued.

We affirm. Defendant having met her burden of demonstrating her entitlement to judgment as a matter of law, it fell to plaintiff to tender sufficient admissible evidence to raise a question of fact as to whether she sustained a serious injury. This she failed to do. In opposition to defendant's motion, plaintiff submitted the affidavit of Guerra wherein he made reference to Cinque's diagnostic findings and opinions, which purportedly were gained from a review of Cinque's records. Notably, the records were not included as part of plaintiff's submissions and Guerra's statements in regard to those records constituted inadmissible hearsay. Similarly, Guerra's reference to diagnostic procedures performed by others at Cinque's request constituted inadmissable hearsay. While Guerra did assert that plaintiff suffered from a quantifiable permanent limitation of use, such finding was not based upon any objective symptoms found by him but, rather, upon the contents of Cinque's records. Accordingly, plaintiff having failed to present proof in admissible form controverting defendant's entitlement to judgment (see, e.g., Legrow v Stein, 256 AD2d 314, 315; Meizinger v Akin, 192 AD2d 1011, 1014, lv denied 82 NY2d 661), Supreme Court's order must be affirmed.

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.