■ MARIE SHULTES, as Administratrix of the Estate of SANDRA L. KANE, Deceased, et al., Respondents-Appellants, v GORDON A. CARR et al., Appellants-Respondents, et al., Defendants.—Harvey, J. Cross appeals (1) from an order of the Supreme court at Special Term (Lee, Jr., J.), entered October 29, 1985 in Delaware County, which, *inter alia,* partially granted defendant Gordon A. Carr's motion for summary judgment dismissing the complaint against him, and (2) from an order of said court, entered December 13, 1985 in Delaware County, which, *inter alia,* upon granting plaintiffs' motion to reargue, adhered to its prior decision insofar as it dismissed the second and fourth causes of action of the complaint, and denied plaintiffs' motion to amend the complaint.

On July 11, 1981, Sandra L. Kane (hereinafter decedent) died as the result of a one-vehicle accident on Interstate Route 88 in the Town of Aston, Chenango County. Decedent and several others, including defendant Gordon A. Carr, had been drinking heavily at several bars prior to the accident. An examination of decedent's blood revealed that her blood alcohol level was 0.20%. The fatal accident occurred in a truck owned by Carr. The parties to this appeal dispute who was driving the truck at the time of the accident.

In April 1983, plaintiffs commenced the present action against Carr and the various bars which had allegedly served decedent and Carr prior to the accident. Plaintiffs' action against Carr set forth alternative theories of recovery: one

such theory presumed that decedent had been the driver, and sought recovery based on Carr's negligent entrustment of his vehicle to an intoxicated driver; the other theory presumed that Carr had been the driver, and sought recovery based on his negligent conduct in driving the vehicle when he himself was in an intoxicated condition.

Carr moved for summary judgment dismissing the complaint as against him, alleging that there were no issues of fact to require a trial. Special Term granted Carr's motion with respect to the second and fourth causes of action, which alleged recovery under the theory of negligent entrustment. The motion was denied, however, as to the first and third causes of action which alleged that Carr was the operator of the truck at the time of the accident. Plaintiffs subsequently made a motion to reargue and also moved to amend their complaint. After reargument, the court adhered to its prior decision and also denied plaintiffs' motion to amend their complaint. Plaintiffs, Carr and various other defendants have appealed.

Plaintiffs contend that Special Term erred when it dismissed their causes of action for negligent entrustment. We cannot agree. Initially, we note that plaintiffs have not directed this court's attention to any cases in which the intoxicated driver of a car, or one suing on his behalf, was allowed to recover on the theory of negligent entrustment *(see, Annotation, Liability Based on Entrusting Automobile to One Who is Intoxicated or Known to Be Excessive User of Intoxicants, 19 ALR3d 1175)*. Further, an intoxicated person should not generally be permitted to benefit from his or her own intoxication *(Allen v County of Westchester, 109 AD2d 475, 480, appeal dismissed 66 NY2d 915; see, Delamater v Kimmerle, 104 AD2d 242)*. Hence, we agree with Special Term's decision that decedent's estate has no viable common-law cause of action for negligent entrustment against Carr. Since the distributees' alleged cause of action is a derivative of decedent's claim *(see,* EPTL 5-4.1; *Kelliher v New York Cent. & Hudson Riv. R. R. Co.,* 212 NY 207), their claim based on the common-law theory of negligent entrustment must also fail.

Next, we turn to the issues raised by Carr. He contends that plaintiffs failed to produce sufficient evidence to raise a question of fact as to whether he was driving the truck at the time of the accident and, thus, that he should have been granted summary judgment on the causes of action which alleged he was negligent in the operation of the truck. We cannot agree. Initially, we note that plaintiffs submitted an affidavit by

William Fischer, a private investigator specializing in traffic accident reconstruction, which was not properly before Special Term and thus we will not consider the contents of that affidavit. However, even excluding the Fischer affidavit from consideration, we find that a triable issue exists as to who was driving Carr's truck at the time of the accident. It barely merits repeating that summary judgment is a drastic remedy which should not be granted where there is any doubt as to the existence of a triable issue *(Andre v Pomeroy,* 35 NY2d 361, 364; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Here, Carr relies heavily upon a police accident report which stated that decedent was the driver of the vehicle. Decedent's body, however, was found some distance from the truck, not in the driver's seat. There were no eyewitnesses of the accident and, because of this level of intoxication, Carr is unable to remember who was driving. Although a letter from the medical examiner who was called to the scene indicates that decedent was the driver, it does so somewhat equivocally. The fatal injuries sustained by decedent are consistent with the damages to the passenger's side of the truck *(cf., Scala v Discount Rent-A-Car Corp.,* 58 AD2d 928, 929, *lv denied* 43 NY2d 646). Based on the above, we find that an issue of fact exists as to whether· decedent or Carr was driving the truck at the time of the accident.

The parties' other contentions have been considered and found to be either meritless or academic in light of the above discussion.

Orders affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.