■ Aaron D. Luczak, Respondent, v Town of Colonie et al., Appellants. [650 NYS2d 455] —Cardona, P. J. Appeal from an order of the Supreme Court (Harris, J.), entered March 13, 1996 in Albany County, which partially denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a minor, was driving his friends around in the Town of Colonie, Albany County, late one evening when he was stopped by defendant C. E. Palladino, a Town of Colonie police officer, and ticketed for passing through a red light and failing to keep to the right side of the road. At the time of the stop, Palladino confiscated opened and unopened beer containers from plaintiff's vehicle but did not issue any alcohol-related tickets or stop plaintiff from driving. After Palladino concluded the stop and allowed plaintiff to proceed, plaintiff was involved in an automobile accident in the Town of Niskayuna, Schenectady County, and charged with driving while intoxicated. Plaintiff subsequently commenced this action against the Town

of Colonie, Palladino and the Town of Colonie Police Department, alleging certain negligence claims including one for negligent entrustment. Specifically, plaintiff alleges that Palladino negligently allowed him "to operate his motor vehicle in an intoxicated condition". After joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court denied that part of defendants' motion seeking dismissal of the claim for negligent entrustment and defendants appeal.

Based upon our decisions in *Dodge v Victory Mkts.* (199 AD2d 917, 920) and *Shultes v Carr* (127 AD2d 916), we agree with defendants that plaintiff's intoxication at the time of the accident precludes him, as a matter of law, from asserting a claim for negligent entrustment under the circumstances presented. As this Court has noted previously, "an intoxicated person should not generally be permitted to benefit from his or her own intoxication" (*Shultes v Carr, supra,* at 917). While Supreme Court was of the view that dismissal of the claim would be premature in the absence of further discovery, we do not agree based upon our review of the submissions in this case. Consequently, that part of Supreme Court's order denying defendants' motion to dismiss plaintiff's claim for negligent entrustment must be reversed.

Mikoll, Mercure, Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion regarding plaintiff's claim for negligent entrustment; motion granted to that extent, summary judgment awarded to defendants on the claim for negligent entrustment and said claim dismissed; and, as so modified, affirmed.