Brody HAYS, et al., Appellants,

v.

Francis M. "Pete" ROYER,
et al., Respondents.

No. WD 74772.

Missouri Court of Appeals,
Western District.

Sept. 18, 2012.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Oct.
25, 2012.

Application for Transfer Denied
Dec. 18, 2012.

Daniel J. Baylard, Blue Springs, MO, for Appellants.

Joseph J. Roper and Michael L. Belancio, Kansas City, MO, for Respondents.

Before DIV III: VICTOR C. HOWARD, Presiding Judge, and KAREN KING MITCHELL and CYNTHIA L. MARTIN, Judges.

KAREN KING MITCHELL, Judge.

This is a negligent entrustment case. The issue is whether an entrustee may have a viable claim against the entrustor when no third party was injured and when the entrustee's claim is dependent upon his own negligence (and not some independent negligent act of the entrustor). The Restatement view is that, in a state in which contributory negligence does not bar the plaintiff's claim, an entrustee may state a cause of action against the entrustor, and previous cases from this court have implicitly so recognized. Accordingly, we hold that such a claim does exist, and the circuit court therefore erred in dismissing the petition on the ground that it failed to state a claim.

**Facts and Procedural Background** [1]

While intoxicated, Scott Hays drove and wrecked a company van. Hays died in the

1. On appeal from the circuit court's grant of a motion to dismiss for failure to state a claim,

accident, but no other person and no other vehicle were involved. The van Hays was driving was owned and/or controlled by Respondents, Francis "Pete" Royer, Barbara Royer, Royer's Incorporated, and Royer Hays Funeral Services, LLC (collectively, "Royer"). Hays worked for Royer and was part owner of Royer Hays Funeral Services.

Appellant Brody Hays is Scott Hays's minor son, and Appellant Heather Hays was Scott Hays's wife. Brody Hays and Heather Hays filed a petition, asserting a wrongful death claim against Royer and alleging that Royer had negligently entrusted the van to Scott Hays. The petition alleged that Royer knew or should have known that Hays was an unsafe driver in that he was habitually intoxicated. Pete Royer had "meetings, discussions, and conferences" regarding Hays's drinking problem. In the past, Royer's employees had had to wake Hays after he had passed out from intoxication. Royer knew that Hays had received inpatient treatment for alcoholism but that the treatment had not cured him. Royer knew that Hays had drunk beer at work and had driven the company van after drinking. In short, Royer knew that Scott Hays "would habitually keep and consume alcohol while operating" the company van.

On the day of the accident, Hays drove the company van to a bar, where he became intoxicated. The accident occurred on his way home from the bar.

Royer filed a motion to dismiss the petition, arguing that it failed to state a claim upon which relief could be granted. Specifically, Royer argued that, under Missouri law, there is no duty to protect an adult from his own voluntary consumption of alcohol. The circuit court granted the motion to dismiss and entered a judgment accordingly. Brody Hays and Heather Hays appeal.

## Standard of Review

On appeal from the circuit court's grant of a motion to dismiss for failure to state a claim, we apply de novo review, *Weber v. St. Louis Cnty.*, 342 S.W.3d 318, 321 (Mo. banc 2011), which means that the same standard that applied below applies here. *Self v. Midwest Orthopedics Foot & Ankle, P.C.*, 272 S.W.3d 364, 366 (Mo.App. W.D. 2008). We review the petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 2001) (quoting *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993)).

## Analysis

In their sole point on appeal, the Hayses argue that the circuit court erred in dismissing the petition in that it states a claim for negligent entrustment because a person who negligently entrusts a motor vehicle to another may be held liable for the entrustee's injuries, even when no third party was injured, when the entrustor should have known that the entrustee would drive while intoxicated. We agree.

The wrongful death statute provides as follows:

Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, *would have entitled*

---

we accept all facts pled by the plaintiff as true, and we draw any reasonable inferences that would support the plaintiff's claim. *Weber v. St. Louis Cnty.*, 342 S.W.3d 318, 321 (Mo. banc 2011). The facts herein summarized are drawn from the petition and, though assumed true for purposes of this appeal, are not the law of the case.

*such person* to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:

(1) By the spouse or children. . . .

§ 537.080.1 [2] (emphasis added). Any defense that would have applied to the decedent's underlying cause of action applies against the claim asserted under the wrongful death statute. § 537.085. Thus, any defense that would have precluded Hays from recovering from Royer also precludes Brody Hays and Heather Hays from recovering from Royer. *Id.*

### I. A cause of action for negligent entrustment may be maintained by the entrustee.

■ Negligent entrustment is a variant of the common law tort of negligence.

To make a prima facie case on a negligence theory, a plaintiff must plead and prove: (1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risk of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property.

*O.L. v. R.L.,* 62 S.W.3d 469, 474 (Mo.App. W.D.2001).

■ The requisite elements of a claim for negligent entrustment are:

(1) the entrustee was incompetent by reason of age, inexperience, habitual recklessness or otherwise; (2) the entrustor knew or had reason to know of the entrustee's incompetence; (3) there

was entrustment of the chattel; and (4) the negligence of the entrustor concurred with the conduct of the entrustee to cause the plaintiff's injuries.

*Hallquist v. Smith,* 189 S.W.3d 173, 175–76 (Mo.App. E.D.2006).

### a. An entrustor of chattel has a common law duty to the entrustee.

■ "As with all negligence claims, the threshold question is whether the defendant owed the injured party a duty of care." *O.L.,* 62 S.W.3d at 474.

In support of his argument that, in Missouri, an entrustor of chattel has no duty to protect an adult from injury resulting from his own voluntary consumption of alcohol, Royer cites us to out-of-state cases that have disallowed claims for negligent entrustment made by the entrustee. *Bailey v. State Farm Mut. Auto. Ins. Co.,* 881 N.E.2d 996, 1003 (Ind.Ct.App.2008); *Lydia v. Horton,* 355 S.C. 36, 583 S.E.2d 750, 753–54 (2003); *Shultes v. Carr,* 127 A.D.2d 916, 512 N.Y.S.2d 276, 277 (1987). But other jurisdictions have reached a contrary result on the question of liability for first party negligent entrustment claims. *See Casebolt v. Cowan,* 829 P.2d 352, 361 (Colo. 1992) (finding that a claim of first party negligent entrustment of chattel can be maintained); *Gorday v. Faris,* 523 So.2d 1215, 1218–19 (Fla.Ct.App.1988) (same); *Blake v. Moore,* 162 Cal.App.3d 700, 208 Cal.Rptr. 703, 705–08 (Cal.App. 5th Dist. 1984) (same).

■ Royer also argues that a duty to protect another from his own self-imposed injuries arises only in custodial situations regarding children, mental patients and

---

**2.** Statutory references are to RSMo 2000, as updated through the 2011 cumulative supplement.

prisoners. Royer cites several cases that found a duty in such situations. But the fact that the courts have found a duty to use ordinary care to protect a person of limited capacity who is entrusted to the care of the alleged tortfeasor, does not preclude the existence of a duty in other situations. Factors considered by the courts in determining whether a duty exists include, but are not limited to, the foreseeability and likelihood of injury. *See Miles ex rel. Miles v. Rich,* 347 S.W.3d 477, 483 (Mo.App. E.D.2011) (stating that "[t]he question of whether a duty exists 'depends upon a calculus of policy considerations'" including foreseeability as the paramount factor) (quoting *Lough v. Rolla Women's Clinic, Inc.,* 866 S.W.2d 851, 854 (Mo. banc 1993)); *Kettler v. Hampton,* 365 S.W.2d 518, 522 (Mo.1963) (stating that "[o]rdinarily, the duties imposed by the law of negligence arise out of circumstances and are based on foreseeability or reasonable anticipation that harm or injury is a likely result of acts or omissions.").[3] Factors considered by courts in determining whether a duty exists in a negligent entrustment context include "the risk involved [and] the foreseeability and likelihood of injury as weighed against the social utility of the actor's conduct." *Casebolt,* 829 P.2d at 356 (quoting *Smith v. City and Cnty. of Denver,* 726 P.2d 1125, 1127 (Colo.1986)).[4]

▪ Apart from the issue of whether public policy mandates that we not recog-nize such a duty (which we discuss below), we think the petition alleged sufficient facts to proceed with the claim that Royer owed a duty of care to Hays. We know that Royer had a "duty" not to entrust a vehicle to someone who it knew or should have known would drive it while intoxicated. *See Hallquist,* 189 S.W.3d at 176–77 (reversing a grant of summary judgment on a negligent entrustment claim when the entrustors had knowledge of the entrustee's history of drunk driving). That is, there is no question that, if a third party had been injured by Hays's conduct, all four elements of negligence (including duty) would have applied, at least for the purposes of a motion to dismiss. *Id.* The fortuity that no third party was injured does not change that conclusion.

▪ As noted above, foreseeability is a factor that must be considered in determining whether a duty exists. It is true that a negligent act (even assuming that it ultimately caused the plaintiff damages) does not impose liability upon the defendant when it was not foreseeable that the specific plaintiff would have been injured by the negligent act. *See Palsgraf v. Long Island R.R. Co.,* 248 N.Y. 339, 162 N.E. 99, 99–100 (1928); *see also Smith v. Brown & Williamson Tobacco Corp.,* 275 S.W.3d 748, 801 (Mo.App. W.D.2008) ("[T]he duty owed in negligence cases is based on the foreseeable or reasonable anticipation that harm or injury is a likely result of acts or

3. Even in the case of an incapacitated individual in the care of an alleged tortfeasor, foreseeability is a concept that underlies the existence of a duty of care. But in such cases, foreseeability may be presumed. *See O.L. v. R.L.,* 62 S.W.3d 469, 474 (Mo.App. W.D.2001) (the court rejected grandmother's claim that she could not be subjected to a duty in this negligent supervision case unless she knew or should have known that grandfather posed a risk to granddaughter because "public policy expressed in the law has already determined that it is foreseeable that a child may be injured by himself or another if not adequately supervised.").

4. While factors other than foreseeability may be considered in determining whether the entrustor owed a duty to the entrustee, here, the issue is only whether the petition made sufficient allegations to survive a motion to dismiss for failure to state a claim upon which relief may be granted.

omissions.") (internal quotation marks omitted). But this is not such a case. We say that it is negligent to entrust a vehicle to an intoxicated person *precisely because* such an entrustment is likely to lead to a car accident, which is what *actually occurred* here. Assuming that the defendant's conduct constitutes a breach of the standard of care, the foreseeability of the plaintiff (and his injury) ties the defendant's act to the harm done, thereby establishing a legal duty. *Palsgraf*, 162 N.E. at 99–100. Here, the act of entrustment breached the standard of care, *Hallquist*, 189 S.W.3d at 176–77, and the foreseeability of the harm to Hays gave rise to the common law duty owed by Royer. *See Smith*, 275 S.W.3d at 801.

### b. Missouri case law implicitly acknowledges a first party cause of action for negligent entrustment.

While negligent entrustment cases are *generally* brought by third parties who were injured by the entrustee's negligence, *see Rogger v. Voyles*, 797 S.W.2d 844, 846 (Mo.App. S.D.1990) (noting in dicta that "[t]he cases regarding negligent entrustment are situations where a third party was injured"), at least two Missouri cases have implicitly recognized a cause of action lying with the entrustee himself. *See Steenrod v. Klipsch Hauling Co., Inc.*, 789 S.W.2d 158, 164 (Mo.App. E.D.1990); *Thomasson v. Winsett*, 310 S.W.2d 33, 36 (Mo.App.1958). Neither case held that an entrustor owes no duty to an entrustee. Rather, in both cases, the plaintiff failed to prove the second element noted above— that the entrustor *knew or had reason to know* that the entrustee was incompetent

to operate the entrusted chattel. *Steenrod*, 789 S.W.2d at 171; *Thomasson*, 310 S.W.2d at 38–39. Here, the petition alleges that Royer *did* know that Hays was incompetent to drive the company van. It may be that, like the plaintiffs in *Steenrod* and *Thomasson*, the Hayses will not succeed in proving that Royer had knowledge of Hays's incompetence. That, however, is a question of the sufficiency of the plaintiffs' *proof*, not of the sufficiency of their *allegations*. At this stage, we must assume that the proof will support the plaintiffs' factual allegations, *Weber*, 342 S.W.3d at 321, and thus the defect that was fatal to the entrustees' claims in *Steenrod* and *Thomasson* does not exist here.

### c. The Restatement supports the existence of a first party cause of action for negligent entrustment.

The Restatement illustrates as follows:

> A . . . rents his boat to B and C, who are obviously so intoxicated as to make it likely that they will mismanage the boat so as to capsize it or to collide with other boats. B and C by their drunken mismanagement collide with the boat of D, upsetting both boats. B, C, and D are drowned. *A is subject to liability to the estates of B, C, and D* under the death statute, although the estates of B and C may also be liable for the death of D.

RESTATEMENT (SECOND) TORTS § 390 cmt. c, illustration 7 (1965) (emphasis added). Under this illustration, B and C are the entrustees, and the Restatement states plainly that they have a cause of action against A, the entrustor.[5]

---

5. While the illustration states that B and C were "visibly" intoxicated, and the petition here alleges that Hays "habitually" drove the company van while intoxicated, this distinction does not change our analysis. As set out above, the elements of a claim of negligent

entrustment include that the entrustee was "incompetent by reason of . . . habitual recklessness or otherwise." *Hallquist*, 189 S.W.3d at 175. Thus, an entrustee may be otherwise incompetent by reason of intoxication at the time of entrustment or incompe-

Importantly, on the subject of negligent entrustment, the Restatement distinguishes jurisdictions that apply contributory negligence as a bar to a plaintiff's claim from those that do not. Illustration seven applies to comment c, which assumes "that [the] person suffering the harm is not subject to any defense such as contributory negligence, which will prevent him from recovering damages therefor." In other words, it assumes a jurisdiction that would not completely bar the entrustee's claim under a contributory negligence theory. By contrast, comment d applies when the entrustee is "in such contributory fault as to bar his right to recover for any harm which he himself sustains." In other words, comment d assumes a jurisdiction that would apply a contributory negligence theory and bar the entrustee's claim. *Under that assumption,* illustration eight goes on to describe facts where an inexperienced driver was barred from suing the person who had entrusted the vehicle to him, presumably on the basis that contributory negligence would bar the claim. That Missouri does not bar recovery based on the plaintiff's contributory negligence, *Gustafson v. Benda,* 661 S.W.2d 11, 15 (Mo. banc 1983), suggests strongly that our common law has evolved in a manner consistent with illustration seven (which assumed that contributory negligence was no bar) as opposed to illustration eight (which assumed that contributory negligence did bar the claim).

In light of our comparative fault scheme, we think that recognizing the cause of action is the better rule.[6] That is, in states recognizing contributory negligence as a complete defense, it is logical that an entrustee—whose claim depends in part on his own negligence—would be unable to recover. *See Herbert v. Whittle,* 69 Md.App. 273, 517 A.2d 358, 362 (1986) (not deciding the issue with regard to negligent entrustment but noting that, generally, contributory negligence would bar a plaintiff's claim). The same result may follow in states that bar recovery when the plaintiff's percentage of fault is greater than that of the defendant's percentage of fault. *See Lydia,* 583 S.E.2d at 752 ("We believe that this state's modified comparative negligence system ... bars an intoxicated adult's recovery on a first party negligent entrustment cause of action. We cannot imagine how one could be more than fifty percent negligent in loaning his car to an intoxicated adult who subsequently injured himself."). But under a pure comparative

---

tent by reason of habitual recklessness. Here, the petition states more than just that Hays was a known alcoholic. Rather, it alleges that Hays *habitually* drove the company van while intoxicated. While we are dubious that merely lending one's car to a known alcoholic would be sufficient to establish the "knowledge of incompetency" element in that not all alcoholics drive while intoxicated at all, much less is it known that they do so habitually, *see* Peters v. Henshaw, 640 S.W.2d 197, 199 (Mo. App. W.D.1982) ("[B]efore liability can be imposed in ... a [negligent entrustment] case[,] it must be shown that the reckless conduct of the borrower was so constantly committed as to constitute a habit of negligence.") (quoting *Lix v. Gastian,* 261 S.W.2d 497, 500 (Mo.App. 1953)), here the petition alleges more.

6. It is true that, in Missouri, claims against a negligent entrustor, when they are brought by a third party, are derivative of the third party's claim against the entrustee. *McHaffie v. Bunch,* 891 S.W.2d 822, 825 (Mo. banc 1995); *see also Lix,* 261 S.W.2d at 500 (holding that negligent entrustment "becomes actionable when the borrower, *through negligent operation of [the] car,* injures another") (emphasis added). However, we think that the derivative nature of a third party's negligent entrustment claim stems from the fact that, generally, the third party will have had no interaction with the entrustor but for the entrustee's independent negligent actions. It is the act of negligence, rather than the claim itself, that is derivative.

fault system (like Missouri's), a plaintiff will not be barred from recovery, even if his own negligence greatly outweighed that of the defendant. *Gustafson*, 661 S.W.2d at 15.

## II. Public Policy

■ Royer argues that the dram shop act, which provides that furnishing alcoholic beverages is not the proximate cause of injuries inflicted by intoxicated individuals, § 537.053.1, and *Elliot v. Kesler*, 799 S.W.2d 97, 101 (Mo.App. W.D.1990), which, relying on the dram shop act, refused to recognize liability for helping an intoxicated person to find his car keys, should bar first party liability here because they evidence a public policy against holding other persons liable for the harm caused by an intoxicated person. We disagree.

Notwithstanding the proximate cause language in subsection 1, section 537.053 provides that a cause of action exists against any person licensed to sell intoxicating liquor by the drink, when liquor is sold to someone under the age of 21 or to someone who is visibly intoxicated and an injury or death results. § 537.053.2. However, the statute expressly denies that such a cause of action exists for the intoxicated person himself, if he is over the age of 21, or his dependents, personal representative, or heirs. In rejecting a first party cause of action in the context of the sale of intoxicating beverages to a person over the age of 21, the dram shop act appears to be *carving out an exception* to public policy as opposed to *creating a blanket* public policy against first party liability. Because the legislature has elected to address first party liability in only a limited context—the sale of intoxicating beverages by the drink to persons over 21—we refuse to read the statute broadly to supply a public policy basis to deny liability in the negligent entrustment context.

The only question before us is whether a plaintiff has a right to assert the cause of action at all. It is consistent with the public policy of Missouri (as evidenced by our long-standing adherence to pure comparative fault) to allow a jury to make that determination. Whether liability is appropriate in *this case* will be a function of the facts and argument brought out at trial. A jury will be better equipped than we are to determine whether anyone, apart from Hays himself, can be said to be at fault for his death.

## III. Hays's status as part owner of Royer Hays Funeral Services does not, as a matter of law, bar the claim.

■ Royer also argues that, as part owner of Royer Hays Funeral Services, Hays was part owner of the company van, and that, as such, he could not have been the "entrustee" of the van. We disagree.

While we do agree that the Hayses will have to prove that Royer's right of control over the van was superior to Hays's right of control, RESTATEMENT (SECOND) TORTS § 308 cmt. a (1965); *Snodgrass v. Baumgart*, 25 Kan.App.2d 812, 974 P.2d 604, 607–08 (1999), the bare allegation that Hays was part owner of Royer Hays Funeral Services does not establish Hays's superior right of control over the van as a matter of law. The petition alleges Royer had ownership and control over the company van. If Hays's status as part owner of Royer Hays Funeral Services meant that he had an equal or greater right of control over the van, then Royer will be entitled to judgment as a matter of law. But, at this stage, we must accept the Hayses' allegation as true, and we must infer that Royer's right of control over the company van was superior to that of Hays. *See Weber*, 342 S.W.3d at 321.

Royer cites cases in which control over the subject vehicle had passed to the al-

leged entrustee in that the latter had agreed to purchase the vehicle and had no intention of ever returning it to the alleged entrustor. *Sansonetti v. City of St. Joseph,* 976 S.W.2d 572, 579 (Mo.App. W.D. 1998); *Fluker v. Lynch,* 938 S.W.2d 659, 662 (Mo.App. W.D.1997). Here, we must assume that Hays's right to control the van was inferior to that of Royer's right of control, and therefore the cases relied upon by Royer are inapposite.

Point granted.

## Conclusion

A cause of action for negligent entrustment may be stated by the entrustee himself. The petition here alleges facts that, if true, would entitle the plaintiffs to recover for negligent entrustment. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

VICTOR C. HOWARD, Presiding Judge, and CYNTHIA L. MARTIN, Judge, concur.