U.S. Bank, N.A. v Reamer (2020 NY Slip Op 05641)





U.S. Bank, N.A. v Reamer


2020 NY Slip Op 05641


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


627 CA 19-01243

[*1]U.S. BANK, NATIONAL ASSOCIATION, PLAINTIFF-APPELLANT,
v
PHYLLIS J. REAMER, DEFENDANT-RESPONDENT ET AL., DEFENDANTS. 






RAS BORISKIN, LLC, WESTBURY (LEAH LENZ OF COUNSEL), FOR PLAINTIFF-APPELLANT.


 Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered June 13, 2018. The order denied the motion of plaintiff to vacate an order dated January 20, 2015, to restore the action to the calendar and for a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this mortgage foreclosure action, plaintiff appeals from an order of Supreme Court that denied its motion to vacate an order of the same court, which had, sua sponte, dismissed the complaint as abandoned. We affirm.
"If [a] plaintiff fails to take proceedings for the entry of judgment in one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215 [c]). "The one exception to the otherwise mandatory language of CPLR 3215 (c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if sufficient cause is shown why the complaint should not be dismissed" (BAC Home Loans Servicing, L.P. v Bertram, 171 AD3d 994, 995 [2d Dept 2019] [internal quotation marks omitted]; see Zenzillo v Underwriters at Lloyd's London, 78 AD3d 1540, 1541 [4th Dept 2010]). In order to establish " 'sufficient cause,' plaintiff was required to present a valid excuse for [its] delay in proceeding with the action and to demonstrate a meritorious claim" (Morton v Morton, 136 AD2d 902, 902 [4th Dept 1988]; see BAC Home Loans Servicing, L.P., 171 AD3d at 995).
Here, plaintiff failed to initiate proceedings for the entry of a default judgment within one year of the default, and indeed had not "taken the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference within one year of the defendant's default" (BAC Home Loans Servicing, LP v Maestri, 134 AD3d 1593, 1593 [4th Dept 2015]; cf. HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839 [2d Dept 2015]). Plaintiff's proffered excuses for its delay failed to explain the multi-year delay in seeking a default judgment, and thus plaintiff failed to establish sufficient cause regardless of whether plaintiff established that it had a potentially meritorious claim (see Bank of Am., N.A. v Santos, 175 AD3d 449, 451 [2d Dept 2019]; see generally Wells Fargo Bank, N.A. v Dysinger, 149 AD3d 1551, 1552 [4th Dept 2017]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court