Mohamed v Abuhamra (2022 NY Slip Op 04448)

Mohamed v Abuhamra

2022 NY Slip Op 04448

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

315 CA 21-00291

[*1]ABLA MOHAMED, PLAINTIFF-RESPONDENT,
v
HANI ABUHAMRA, ET AL., DEFENDANTS, AND SHAKER ABUHAMRA, DEFENDANT-APPELLANT. 

LIPPES MATHIAS LLP, BUFFALO (THOMAS J. GAFFNEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Lynn W. Keane, J.), entered February 3, 2021. The order, among other things, denied the motion of defendant Shaker Abuhamra to dismiss the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by striking the language "306-b and" from the first ordering paragraph and vacating the third ordering paragraph and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In January 2018, plaintiff commenced this RPAPL article 15 action. In November 2020, Shaker Abuhamra (defendant) moved to dismiss the complaint against him, contending that he was never properly served with the complaint pursuant to CPLR 306-b (see CPLR 3211 [a] [8]). In opposing the motion, plaintiff's attorney asserted that she had delivered copies of the summons and complaint to defendant's then-attorney, who accepted service on defendant's behalf, and that defendant had been personally present at the time.
Responding to a contention that was presumably raised in documents not submitted to this Court, plaintiff's attorney further opposed the motion insofar as it purportedly sought dismissal of the complaint based on plaintiff's failure to move for a default judgment within one year after a default, as required by CPLR 3215 (c). According to counsel, she had reached an agreement with defendant's current attorney pursuant to which he would not challenge service and she would not move for a default judgment. Plaintiff also cross-moved for an extension of the time for service under CPLR 306-b. Supreme Court denied the motion and the cross motion. Defendant appeals.
As a preliminary matter, we note that defendant failed to include in the record on appeal the operative complaint and its attached exhibits. Contrary to plaintiff's contention, we need not dismiss the appeal, however, inasmuch as meaningful appellate review of some of the legal issues is not "impossible" (Mergl v Mergl, 19 AD3d 1146, 1147 [4th Dept 2005]; cf. BL Doe 2 v Fleming, 199 AD3d 1419, 1419 [4th Dept 2021]).
Addressing the issues concerning default judgment first, we conclude that the court properly determined that dismissal pursuant to CPLR 3215 (c) was not warranted. "If [a] plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (id.). " 'The one exception to the otherwise mandatory language of CPLR 3215 (c) is that the failure to timely seek a default on an unanswered complaint . . . may be excused if sufficient cause is shown why the complaint should not be dismissed' " (U.S. Bank, N.A. v [*2]Reamer, 187 AD3d 1650, 1650 [4th Dept 2020]). Sufficient cause exists where " '(1) the failure to seek a default judgment within one year after the default is excusable[,] and (2) the cause of action is meritorious' " (Fuentes v Hoffman, 118 AD3d 1324, 1325 [4th Dept 2014]).
Here, contrary to defendant's contention, plaintiff's failure to seek a default judgment within one year of defendant's default is excusable under the facts of this case. With respect to "whether plaintiff established that [she] had a potentially meritorious claim" (U.S. Bank, N.A., 187 AD3d at 1651), we note that defendant failed to submit a sufficient record for us to review that issue, and defendant, " 'as the appellant, . . . must suffer the consequences' of submitting an incomplete record" (Matter of Rodriguez v Ward, 43 AD3d 640, 641 [4th Dept 2007]; see Curto v Zittel's Dairy Farm, 106 AD3d 1482, 1484 [4th Dept 2013]).
With respect to the issue of service, we conclude that the court erred in denying defendant's motion without first holding a hearing. Although defendant does not dispute that plaintiff's attorney served the summons and complaint on defendant's then-attorney, he contends that he had not designated the attorney to accept service (see CPLR 308 [3]; see generally Broman v Stern, 172 AD2d 475, 476 [2d Dept 1991]; Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 148 [2d Dept 1986]) and denies that he was personally present at the time of service (see CPLR 308 [1]; Manocchio v Narain, 144 AD2d 1022, 1022 [4th Dept 1988]; see generally Espy v Giorlando, 85 AD2d 652, 652-653 [2d Dept 1981], affd 56 NY2d 640 [1982]). In addition, there is an issue of fact whether defendant's attorney reached an agreement with plaintiff's attorney pursuant to which he would not raise any challenges to service of the complaint.
We conclude that "defendant's submissions raised a genuine question on the issue whether service was properly effected" (Garvey v Global Asset Mgt. Solutions, Inc., 192 AD3d 1597, 1598 [4th Dept 2021] [internal quotation marks omitted]; see generally Cach, LLC v Ryan, 158 AD3d 1193, 1194-1195 [4th Dept 2018]) and the issue whether defendant waived his challenge to a defect in service (see Midamerica Fed. Sav. Bank v Gaon, 242 AD2d 610, 611 [2d Dept 1997]; see generally Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718-721 [1997]). We further conclude that, because resolution of those issues "turns upon a question of credibility, a hearing should be held" (Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116 [2d Dept 2017]; see generally Hallston Manor Farm, LLC v Andrew, 60 AD3d 1330, 1331 [4th Dept 2009]).
We therefore modify the order accordingly, and we remit the matter to Supreme Court for a hearing on the issue of service, a new determination of defendant's motion to dismiss under CPLR 306-b, and, if necessary, a determination on plaintiff's cross motion seeking an extension of time for service.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court