Stanley v Kelly (2022 NY Slip Op 04847)

Stanley v Kelly

2022 NY Slip Op 04847

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

444 CA 21-00983

[*1]ELEANOR STANLEY, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF MICHAEL STANLEY, DECEASED, CHLOE STANLEY, BY AND THROUGH HER PARENT AND NATURAL GUARDIAN, ELEANOR STANELY, AND AMANDA STANLEY, PLAINTIFFS-APPELLANTS,
v
THOMAS KELLY, JILLIAN KELLY, DEFENDANTS-RESPONDENTS, AND BOONVILLE HOTEL, INC., DEFENDANT-RESPONDENT-APPELLANT.

LAW OFFICE OF ROBERT F. DANZI, JERICHO (CHRISTINE COSCIA OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
DETRAGLIA LAW OFFICE, UTICA (MICHELE E. DETRAGLIA OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 
BURKE, SCOLAMIERO & HURD, LLP, ALBANY (STEVEN V. DEBRACCIO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal and cross appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered July 7, 2021. The order granted the motions of defendants for summary judgment and dismissed plaintiffs' complaint and the cross claim of defendant Boonville Hotel, Inc. 
It is hereby ORDERED that said cross appeal is unanimously dismissed and the order is affirmed without costs.
Memorandum: Decedent died after he drove a snowmobile—lent to him by defendant Thomas Kelly (Kelly)—into the side of an overpass located adjacent to a trail on which he and his companions had been traveling. Shortly before the accident, decedent and his companions, including Kelly, spent several hours at defendant Boonville Hotel, Inc. (Hotel), where they purchased food and drinks. Decedent's autopsy revealed that his blood alcohol content (BAC) was .16%, and it was subsequently determined that his intoxication was a cause of the accident. Plaintiffs—decedent's wife and daughters—commenced this action asserting a cause of action for negligent entrustment against Kelly and his wife, defendant Jillian Kelly (collectively, Kelly defendants), alleging that they knew or should have known about decedent's intoxication, which rendered him unfit to properly operate the snowmobile that Kelly lent him. Plaintiffs also asserted a cause of action against the Hotel for violation of the Dram Shop Act, alleging that the Hotel had sold alcoholic beverages to decedent despite his visible intoxication. In its verified answer, the Hotel asserted, inter alia, a cross claim against the Kelly defendants for indemnification and contribution. Plaintiffs appeal from that part of an order that granted defendants' respective motions for summary judgment dismissing the complaint, and the Hotel cross-appeals from that part of the order that dismissed its cross claim for indemnification and contribution.
With respect to plaintiffs' appeal, we note, initially, that plaintiffs have abandoned their claims against Kelly's wife, inasmuch as they do not challenge on appeal Supreme Court's [*2]dismissal of the negligent entrustment cause of action with respect to her (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We also note that because "an intoxicated person should not generally be permitted to benefit from his or her own intoxication" (Shultes v Carr, 127 AD2d 916, 917 [3d Dept 1987]; see also Parslow v Leake, 117 AD3d 55, 66 [4th Dept 2014]; Dodge v Victory Mkts., 199 AD2d 917, 919 [3d Dept 1993]), courts have held that the intoxicated driver of a car, or one suing on his or her behalf, may not recover on a theory of negligent entrustment (see Shultes, 127 AD2d at 917; see also Luczak v Town of Colonie, 233 AD2d 691, 692 [3d Dept 1996]; 1A NY PJI3d 2:28 at 351 [2022]). Here, there is no dispute that decedent was intoxicated at the time of the accident and, therefore, we conclude that plaintiffs are precluded from asserting a negligent entrustment cause of action against Kelly for lending the snowmobile to the intoxicated decedent (see Shultes, 127 AD2d at 917).
Even assuming, arguendo, that decedent's voluntary intoxication does not preclude plaintiffs from asserting a negligent entrustment cause of action against Kelly, we conclude that the court properly dismissed that cause of action against him on the merits. On a negligent entrustment cause of action, " '[t]he owner or possessor of a dangerous instrument is under a duty to entrust it to a responsible person whose use does not create an unreasonable risk of harm to others' " (Graham v Jones, 147 AD3d 1369, 1371 [4th Dept 2017], quoting Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 236 [2001]). To that end, " '[t]he tort of negligent entrustment is based on the degree of knowledge the supplier of a chattel has or should have concerning the entrustee's propensity to use the chattel in an improper or dangerous fashion' " (Graham, 147 AD3d at 1371, quoting Hamilton, 96 NY2d at 237; see Monette v Trummer, 105 AD3d 1328, 1330 [4th Dept 2013], affd 22 NY3d 944 [2013]; Splawnik v Di Caprio, 146 AD2d 333, 335 [3d Dept 1989]).
We conclude that the Kelly defendants met their initial burden on the motion with respect to Kelly by establishing that he lacked any "special knowledge" of decedent's intoxication—i.e., the purported "condition peculiar to [decedent] that render[ed] [his] use of [the snowmobile] unreasonably dangerous" (Monette, 105 AD3d at 1330). Regardless of whether decedent was too intoxicated to operate the snowmobile safely, the Kelly defendants submitted in support of their motion deposition testimony from eyewitnesses—decedent's companions and members of the Hotel's staff—who saw decedent at the Hotel before the fatal accident, and who all consistently testified that decedent did not appear to be visibly intoxicated, impaired or otherwise incompetent to operate the snowmobile (cf. generally Calagiovanni v Carello, 177 AD3d 1286, 1286-1287 [4th Dept 2019]). Further, the Kelly defendants submitted deposition testimony from a police officer who responded to the accident, who corroborated the accounts of the other witnesses by testifying that none of decedent's companions appeared to be intoxicated after the accident.
With respect to plaintiffs' opposition to the Kelly defendants' motion, even fully crediting the conclusion in the report from plaintiffs' expert toxicologist and the autopsy report that decedent's BAC was .16%, we note that "[p]roof of a high [BAC] alone . . . generally does not establish" that a person actually appeared visibly intoxicated and, therefore, "a high [BAC] in the person served may not provide a sound basis for drawing inferences about the individual's appearance or demeanor" (Romano v Stanley, 90 NY2d 444, 450-451 [1997]; see McGilveary v Baron, 4 AD3d 844, 845 [4th Dept 2004]). Consequently, in light of the unanimous deposition testimony reflecting that no one observed that decedent was visibly intoxicated at the Hotel before the accident, we conclude that plaintiffs' submissions in opposition did not raise a triable issue of material fact with respect to whether Kelly knew or should have known about decedent's intoxication before he allowed him to use the snowmobile (cf. Calagiovanni, 177 AD3d at 1286-1287).
Plaintiffs also contend that the court erred in granting the Hotel's motion for summary judgment. The Hotel satisfied its initial burden on its motion by submitting deposition testimony from the same witnesses relied on by the Kelly defendants in support of their motion, all of whom testified that they did not observe decedent and the members of his group to be visibly intoxicated while at the Hotel shortly before the accident (cf. id.). We note that the record is insufficient to determine whether plaintiffs raised an issue of fact in opposition to the Hotel's motion inasmuch as plaintiffs failed to include their opposition papers to that motion in the record (see CPLR 5526; Matter of Hoge [Select Fabricators, Inc.], 96 AD3d 1398, 1399 [4th Dept 2012]; Mergl v Mergl, 19 AD3d 1146, 1147 [4th Dept 2005]). Plaintiffs, "as the [*3]appellant[s], . . . must suffer the consequences of submitting an incomplete record" (Mohamed v Abuhamra, — AD3d &mdash, &mdash, 2022 NY Slip Op 04448, *2 [4th Dept 2022] [internal quotation marks omitted]; see Cherry v Cherry, 34 AD3d 1186, 1186 [4th Dept 2006]). In any event, even assuming, arguendo, that the expert affidavit submitted by plaintiffs in opposition to the Kelly defendants' motion constitutes a sufficient record upon which we may review plaintiffs' opposition to the Hotel's motion (see generally DiMarco v Bombard, 66 AD3d 1344, 1344 [4th Dept 2009], amended on rearg 67 AD3d 1459 [4th Dept 2009]), we reject plaintiffs' contention that the expert affidavit raised a triable issue of fact with respect thereto.
The affidavit from plaintiffs' expert about the level of decedent's intoxication is insufficient to raise a question of fact in opposition to the Hotel's motion because, as discussed above with respect to the negligent entrustment cause of action, "[p]roof of a high [BAC] alone . . . generally does not establish" that a person actually appeared intoxicated (Romano, 90 NY2d at 450). Plaintiffs' expert opined merely that decedent's BAC was .16% and that he was in the "excitement" stage of alcohol influence. Even if plaintiffs' expert had opined that decedent, based on his BAC, would have shown signs of visible intoxication at the Hotel, that would still be insufficient to raise a triable issue of fact in light of the otherwise consistent eyewitness testimony establishing that decedent did not appear to be visibly intoxicated at the Hotel (see id. at 451-452; Kelly v Fleet Bank, 271 AD2d 654, 655 [2d Dept 2000], lv denied 96 NY2d 702 [2001]; Sorenson v Denny Nash, Inc., 249 AD2d 745, 747-748 [3d Dept 1998]).
In light of our determination, we dismiss the Hotel's cross appeal as moot.
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court