People v Dunham (2024 NY Slip Op 05376)

People v Dunham

2024 NY Slip Op 05376

Decided on October 31, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 31, 2024

CR-22-2169
[*1]The People of the State of New York Respondent,
v
Todd W. Dunham, Appellant.

Calendar Date:September 10, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, McShan and Powers, JJ.

Powers & Santola, LLP, Albany (Michael J. Hutter of counsel), for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kevin P. Mallery of counsel), for respondent.

Powers, J.
Appeal, by permission, from an order of the County Court of Essex County (Richard B. Meyer, J.), entered August 25, 2022, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of sexual abuse in the first degree, criminal sexual act in the first degree and rape in the first degree, after a hearing.
The underlying facts of this case are set forth in greater detail in this Court's prior decision (172 AD3d 1462 [3d Dept 2019], lv denied 33 NY3d 1068 [2019]). Briefly, defendant was charged by indictment with sexual abuse in the first degree, criminal sexual act in the first degree and rape in the first degree and was convicted as charged after trial. These charges stemmed from allegations that defendant engaged in sexual activity with the victim, who was unable to consent by reason of being physically helpless, while the victim was visiting the home of defendant and his romantic partner, Marla Jones. Defendant was thereafter sentenced to concurrent prison terms of 3½ years for his sexual abuse conviction and eight years for his criminal sexual act conviction as well as a consecutive prison term of eight years for his rape conviction, to be followed by certain postrelease supervision. Defendant's conviction was affirmed on appeal (id.). In 2021, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10, based on the ground of ineffective assistance of counsel. The People opposed the requested relief and, following a hearing, County Court denied the motion. Defendant appeals, by permission, from County Court's order.
Relevant here, "[a]t any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that . . . [t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States" (CPL 440.10 [1] [h]) — such as where the defendant has been denied the effective assistance of counsel. Although a defendant is not required to provide submissions or testimony from former trial counsel during the course of a CPL article 440 motion, defendant bears "the burden of proving by a preponderance of the evidence every fact essential to support the motion" at a hearing thereon (CPL 440.30 [6]; see People v Tiger, 32 NY3d 91, 99 [2018]; People v Thibodeau, 31 NY3d 1155, 1158 [2018]; People v Miller, 199 AD3d 1058, 1060 [3d Dept 2021], lv denied 37 NY3d 1147 [2021]).[FN1]
Defendant's motion to vacate his conviction claimed that his trial counsel made various specific missteps that amounted to ineffective assistance of counsel. However, defendant now asserts that these missteps illustrate that trial counsel had failed to conduct "any meaningful investigation" into the relevant facts and legal issues, which had the result of depriving him of the effective assistance of counsel. Thus, defendant's arguments below do not align with those made before this Court. In any [*2]event, even reading the motion papers as broadly as defendant desires, we find that County Court properly denied defendant's motion to vacate his conviction, as he has failed to demonstrate that he was not provided meaningful representation.
"A criminal defendant is guaranteed the effective assistance of counsel by both the US and NY Constitutions and, pursuant to the more stringent standard under the NY Constitution, receives it when the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Sposito, 193 AD3d 1236, 1237 [3d Dept 2021] [internal quotation marks and citations omitted], affd 37 NY3d 1149 [2022]). Defendant must prove "that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Gonyea, 211 AD3d 1102, 1104 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 1110 [2023]; see People v Clark, 209 AD3d 1063, 1065 [3d Dept 2022], lv denied 39 NY3d 1140 [2023]). "Essential to any representation, and to the attorney's consideration of the best course of action on behalf of the client, is the attorney's investigation of the law, the facts, and the issues that are relevant to the case" (People v Oliveras, 21 NY3d 339, 346 [2013], citing Strickland v Washington, 466 US 668, 690-691 [1984]; see People v Everson, 213 AD3d 1294, 1296 [4th Dept 2023]; People v Cassala, 130 AD3d 1252, 1254 [3d Dept 2015], lv denied 27 NY3d 994 [2016]). Consequently, "a defendant's right to representation . . . entitle[s] him [or her] to have counsel conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow [the defense] time for reflection and preparation for trial" (People v Oliveras, 21 NY3d at 346 [internal quotation marks, brackets and citation omitted]; accord People v Tiger, 207 AD3d 574, 576 [2d Dept 2022], lv denied 38 NY3d 1190 [2022]).
The record reveals that defendant retained trial counsel weeks before the commencement of trial as a replacement for former counsel and that trial counsel met with defendant in person on three occasions after being retained.[FN2] Defendant testified at the hearing that trial counsel was to speak with his former counsel regarding the case and, although defendant did not affirmatively state counsel did so, he did specify that this "went on for a month or two," seemingly indicating that trial counsel did speak with his former counsel. Defendant affirmed that former counsel had hired a private investigator and agreed that a private investigator would not have been able to provide details as to what occurred between himself and the victim in the privacy of his home. At the hearing, defendant additionally faulted trial counsel for not "let[ting] [defendant] tell [his] story" and stated that, although he testified truthfully, "it was .[*3]. . [not] complete." In this respect, defendant asserted that trial counsel "missed a lot of questions he should have asked." However, defendant failed to further explain what questions trial counsel should have asked. According to defendant, trial counsel also did not discuss lesser included offenses with him, despite the trial record indicating to the contrary, nor did trial counsel discuss the affirmative defense of lack of knowledge of incapacity. Moreover, according to Jones, trial counsel never asked her any specific questions as to the facts of the case.[FN3] Nevertheless, despite claiming that she could have provided her phone records to disprove the victim's testimony that she had used Jones' cellphone on the night in question, Jones affirmed that she would not have testified any differently had she met with trial counsel beforehand and known the questions he would ask.
Initially, with regard to counsel's failure to raise the affirmative defense of lack of knowledge of incapacity, this Court has already held that "it was sensible to avoid presenting an inconsistent defense that would create a risk of juror confusion and may well have tainted defendant's credibility in the eyes of the jury" (People v Dunham, 172 AD3d at 1466 [internal quotation marks, brackets, ellipsis and citations omitted]). Defendant now asserts that this failure to request the affirmative defense on the part of trial counsel emanated from his failure to investigate the facts of the case. Even crediting defendant's assertion that trial counsel did not discuss the affirmative defense with him, there is nothing in the record to suggest that trial counsel did not independently research this affirmative defense and determine that presenting it to the jury would create an inconsistency with the planned trial strategy.
In total, the facts adduced during the hearing do not support defendant's assertion that trial counsel failed to investigate the facts of the case. Instead, in the short time he had to prepare and after consultation with former counsel, trial counsel developed a reasonable trial strategy based upon the information that had been relayed to him. Defendant's motion papers and arguments before this Court make clear that defendant understood that "counsel aggressively pursued an 'all or nothing' defense[, in that counsel] argued solely that the [victim] had consensual sex with [defendant] and then instigated . . . prosecution out of guilt over her marital infidelity." Although in making this statement defendant was attempting to argue that counsel was ineffective for taking such an approach, this demonstrates defendant's understanding of counsel's strategy. As such, defendant has failed to establish a complete absence of trial strategy on the part of counsel (see People v Sposito, 193 AD3d at 1241; see generally People v Dunham, 172 AD3d at 1466). Defendant has also failed to prove by a preponderance of the evidence that counsel had failed to adequately investigate [*4]and prepare for trial (see CPL 440.30 [6]). The record only shows defendant's and other lay witnesses' opinions of what trial counsel should have done differently and the opinions of attorneys based upon these broad assertions.[FN4]
Although trial counsel was not perfect, that is not what is required and "it is not for this Court to second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" (People v Newhall, 206 AD3d 1144, 1153 [3d Dept 2022] [internal quotation marks, brackets and citation omitted], lv denied 39 NY3d 941 [2022]). The specific arguments made by defendant amount to only a "disagreement with defense counsel's tactics and strategies," viewed with the benefit of hindsight, "that do[ ] not rise to the level of true ineffectiveness" (People v Sposito, 193 AD3d at 1241 [internal quotation marks, brackets and citation omitted]; see People v Burton, 215 AD3d 1054, 1063 [3d Dept 2023], lv denied 40 NY3d 927 [2023]). For these reasons, viewed in totality and at the time of representation, defendant was afforded meaningful representation (see People v Kendricks, 226 AD3d 1150, 1158 [3d Dept 2024], lv denied 41 NY3d 1003 [2024]) and, as such, County Court properly denied defendant's motion to vacate the judgment of conviction.[FN5]
Egan Jr., J.P., Pritzker, Lynch and McShan, JJ., concur.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: Although a defendant is not required to provide submissions or testimony from his or her trial counsel in support of a motion to vacate a conviction — and, as a practical matter, counsel often do not do so as it would essentially place them in an adversarial position against a former client — there are occasions where direct proof from former trial counsel is relevant and probative to a defendant's claims (see generally People v Ayala, 194 AD3d 1255, 1256 [3d Dept 2021], lv denied 37 NY3d 970 [2021]; People v Lanier, 191 AD3d 1094, 1096 [3d Dept 2021]; People v Green, 190 AD3d 1094, 1101-1102 [3d Dept 2021], lv denied 36 NY3d 1097 [2021]). When such proof has been supplied, "trial counsel's personal assessment of the defense is informative, [but] it is certainly not dispositive" (People v Mosley, 155 AD3d 1124, 1128 [3d Dept 2017], lv denied 31 NY3d 985 [2018]).

Footnote 2: Although the exact timeline of defendant's retainer of trial counsel is not entirely clear from the record, defendant indicated in his hearing testimony that he met with trial counsel for the first time for a consultation in September 2017 while being represented by a different attorney. Defendant then retained trial counsel "[l]ater on" because he was unhappy with former counsel based upon what he perceived as a lack of communication and availability on the part of former counsel. Defendant's motion papers indicate slightly more specifically that trial counsel "agreed to represent" defendant "less than two months before trial" and then "noticed his appearance with [County] Court . . . little more than three weeks before [trial]." Thereafter, trial counsel met with defendant on three occasions; first in either late December 2017 or early January 2018, then in mid-January 2018 and the final meeting occurred on the day before trial in February 2018. The record does not indicate whether trial counsel attempted to request an adjournment at any time prior to trial.

Footnote 3: To the extent defendant now faults trial counsel for his failure to meet with Jones, the record reveals that she was present during the initial meeting between defendant and trial counsel, and, based upon this, trial counsel appeared to reasonably conclude that Jones would provide consistent testimony with the version of events that had been provided by defendant in her presence during that meeting.

Footnote 4: Defendant argues that trial counsel's failure to prepare is further evidenced by the fact that he did not delve into the backgrounds of certain witnesses who had testified that the victim did not appear intoxicated because, according to him, providing their backgrounds would have lent their testimony more credence. However, "it is well settled that a lay witness may testify regarding his or her observation that another individual exhibited signs of intoxication" (Brooks v Blanchard, 174 AD3d 1362, 1363 [4th Dept 2019]; see generally Stanley v Kelly, 208 AD3d 993, 996-997 [4th Dept 2022], lv denied 39 NY3d 909 [2023]; Kaufman v Quickway, Inc., 64 AD3d 978, 979 [3d Dept 2009], affd 14 NY3d 907 [2010]). Thus, this testimony would not have been relevant and the failure to examine these witnesses in this regard is not indicative of trial counsel's preparation nor can trial counsel be found ineffective for having failed to admit irrelevant evidence. Similarly, defendant continues to assert that counsel's apparent failure to prepare is highlighted by the fact that he did not know a witness' surname. However, the record demonstrates that counsel had simply confused this witness' maiden and marital names, an easy oversight not indicative of counsel's preparation.

Footnote 5: As our state standard provides a higher level of protection than the federal counterpart, defendant's claim of ineffective assistance of counsel under the US Constitution also fails (see People v Williams, 206 AD3d 1282, 1290 [3d Dept 2022]; see generally People v Caban, 5 NY3d 143, 156 [2005]).